37039. BEAR'S DEN, INC. *v.* STATE OF GEORGIA.

DECIDED FEBRUARY 27, 1958—REHEARING DENIED MARCH 6, 1958.

Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr., for plaintiff in error.

Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General, contra.

NICHOLS, Judge. The defendant in fi. fa., in its affidavit of illegality, does not contend that the amount due as stated in the fi. fa., if due, is erroneous, or that it, for some good reason, had not collected the "sales tax" from its customers, but attempts to set up as a defense to the fi. fa. the fact that the "sales tax" was stolen from it without fault on its part, and it is therefore not liable to the State in any amount.

The State contends that the defendant in fi. fa., after having collected the "sales tax" from its customers has the absolute duty to turn the tax so collected over to the State and that the fact that it was stolen after being collected is no defense.

Therefore, the sole question for decision is whether a retailer, who has collected the "sales tax" from its customers, has the absolute duty to pay the State the "sales tax" or whether, if, after the "sales tax" has been so collected, it is stolen without fault on the part of the retailer, he is relieved, under any circumstances, from paying the State the amount of the tax.

The defendant in fi. fa. contends that it is an agent in the collection of such tax and therefore is only bound to exercise ordinary care as other agents for hire (Code § 4-203), and that under its affidavit of illegality this was done. In support of this contention it relies on those sections of the "Georgia Retailers' and Consumers' Sales and Use Tax Act" (Ga. L. 1951, pp. 360 et. seq; Code, Ann., Ch. 92-34a), which state that the tax is on the consumer and not the seller, and that for the purpose of collecting the tax the "retailer" is "merely an agent of the State."

The above section of the Act (Code, Ann., § 92-3414a), which names the dealer as an agent, has not been previously construed, but under the decision of this court in Maynard v. Thrasher, 77 Ga. App. 316, 319 (48 S. E. 2d 471), which case dealt with a similar provision in the "Motor Fuel Tax Law" (Code, Ann.,

Ch. 92-14), it must be held that the defendant in fi. fa., for the purpose of collecting and remitting the "sales tax," is not a taxpayer, but is in fact merely an agent of the State. Accordingly, the contention of the State that the defendant in fi. fa., under the line of decisions exemplified by *Cronheim* v. *Postal Telegraph-Cable Co.*, 10 *Ga. App.* 716 (74 S. E. 78), was a taxpayer after having collected the sales tax from the consumers is without merit.

After the above determination is made the remaining question for decision is whether the defendant in fi. fa., after it has collected the tax, can defend the levy upon the ground that it exercised ordinary care for the tax money so collected by it, and that it therefore is not liable to the State where as here the tax was stolen without fault on its part.

The defendant in fi. fa. was not an agent as contemplated by Code Ch. 89-8 since it was not employed, elected, or appointed by the State to collect the "sales tax" but was required by the State to collect the tax in order to do business as a "retailer" of tangible personalty. It was at most an involuntary agent who was required by law to perform a duty for the State, and this is true although the same act which required it to collect the tax made it liable for the tax if it *did not collect it from the consumer*. Therefore, the defendant did not hold a position of trust so as to place it in the position of the defendants' principal as in *Lamb* v. *Dart*, 108 *Ga.* 602 (34 S. E. 160), and similar cases involving public officers.

In view of what has been said above, the defendant in fi. fa., after collecting the "sales tax," although required to make a *return*, was bound to exercise only ordinary care as to the safekeeping of the tax so collected, and if this was done it would not be liable for *tax money* stolen from it without fault on its part. Whether it had exercised ordinary care, of course, is a question for the jury and not, under the allegations of the affidavit of illegality, a question of law. Accordingly, the trial court erred in sustaining the State's motion to dismiss the affidavit of illegality.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for the reason that on general demurrer the affidavit of

illegality must be construed as alleging that the sales tax money was separated from the funds of the dealer upon collection and kept separate. In such case the title to the money was at all times in the State and the retailer held custody as agent and owed only the duty of ordinary care in its keeping. The sales tax act does not, in my opinion, make the retailer absolutely liable in any and every event but does make him absolutely liable in every instance except where he separates and keeps separate the sales tax, treating it at all times as the property of the State. I do not think that the Act of 1933 (Ga. L. 1933, pp. 78, 79) makes a retailer absolutely liable. The act defines "officer" as anyone who holds State money as agent but it nowhere spells out that one not a regular officer of the State is absolutely liable to the State for money held as agent for the State. The State also contends that *Cronheim* v. *Postal Telegraph-Cable Co.,* 10 *Ga. App.* 716 (74 S. E. 78) shows that the retailer is an agent in collecting the tax but is a debtor after collecting it. The trouble with this contention is that in placing the item with the bank for collection the depositor, in addition to making an agreement that the bank is acting as his agent in the collection of the item, also made an agreement to the effect that upon collection the bank would no longer be his agent but that the money should be deposited and that the bank would then become his debtor. That case is not authority for the proposition that an agent to collect is an agent until collection is effected, and then is a debtor. It took the agreement that the money should be deposited to change the collection agent from an agent to a debtor.