20066. WILLIAMS, State Revenue Commissioner, *v.* BEAR'S DEN, INC.

ARGUED MAY 13, 1958—DECIDED JUNE 5, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General,* for plaintiff in error.

*Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr.,* contra.

ALMAND, Justice. Williams, State Revenue Commissioner, pursuant to Sec. 19 of the Act of 1951 (Ga. L. 1951, p. 360; Code, Ann., § 92-3434a) issued a fi. fa. against Bear's Den Inc., in the principal sum of $427.91, with interest and penalty, under an assessment against the defendant in fi. fa. on account of sales taxes due by it to the State of Georgia. To this execution and a levy thereunder the defendant in fi. fa. filed its affidavit of illegality, in which it was asserted that it had collected the taxes claimed on behalf of the State "and while holding the same for the State and while in the exercise of due diligence and care on his part the same was stolen from his premises without fault on his part". The motion of the Commissioner to dismiss the affidavit of illegality on the ground that it set forth no adequate defense was sustained, and on writ of error to the Court of Appeals this judgment was reversed (97 *Ga. App.* 288, 102 S. E. 2d 915), the court holding that under the Retailers and Consumers Sales and Use Tax Act of 1951 (Ga. L. 1951, p. 360), the defendant in fi. fa., a dealer, was bound to exercise only ordinary diligence in safeguarding and remitting the sales tax collected by him as an agent of the State. We granted the Commissioner's application for the writ of certiorari.

The narrow and controlling question for decision is: Where a retail dealer has collected the tax from his customers under the Sales Tax Act of 1951, is his duty or obligation to the State that of an agent, liable only for the use of ordinary care in the safeguarding and remittance of such taxes or is he liable as a taxpayer? In other words is the tax levied, under the statute, upon the dealer or against the customer?

The ruling of the Court of Appeals is based solely on the language employed in Sec. 12(a) of the act which reads as follows: "The privilege tax herein levied, measured by retail sales shall be collected by the dealer from the purchaser or consumer. Notwithstanding any other provision, it is the purpose and intent of this Act that the tax imposed hereunder is, in fact, a levy on the purchaser or consumer of the tangible personal property or services described in this Act, and the levy on dealers as specified is merely as agent of the State for collection of said tax."

The Revenue Commissioner insists that, under the general and

specific terms of the Sales Tax Act, the retail dealer is the taxpayer and that the provision of Sec. 12(a), quoted above is merely descriptive of the dealer's relationship to the customer and can be reconciled with other sections of the Act which in specific terms levy the tax against the dealer.

In the construction of a statute the legislative intent must be determined from a consideration of it as a whole. *City of Macon* v. *Ga. Power Co.*, 171 *Ga.* 40(3) (155 S. E. 34). The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole. In re Kilby Bank, 23 Pick. (40 Mass.) 93. Where there is an apparent conflict between different sections of the same statute, the duty of a court is to reconcile them, if possible, so as to make them consistent and harmonious with one another. *Cason* v. *Harn*, 161˙ *Ga.* 366 (131 S. E. 88). If they cannot be so reconciled the one which best conforms to the legislative intent must stand. State *v.* Bd. of Commrs. of Greene County, 94 Ohio St. 296 (113 N. E. 831). Where a particular expression in one part of a statute is not so extensive or large in its import as other expressions in the same statute, it must yield to the larger and more extensive expression, where the latter embodies the real intent of the legislature. *Torrance* v. *McDougald*, 12 *Ga.* 526. See 2 Sutherland, Statutory Construction, 3rd ed., pp. 336, 338, §§ 4703, 4704.˙

With these rules of construction in mind we now examine the Sales Tax Act as a whole. Section 2 levies and imposes "a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail in this State", at the rate of 3% of the sales price of each item, "the tax to be computed on gross sales for the purpose of remitting the amount of tax due the State and to include each and every retail sale or amount of taxes collected whichever be the greater", the tax to be collected from the dealer as defined in the Act and paid at the time and in the manner thereinafter provided. The 3% tax is levied against the dealer and is "in addition to all other taxes." Sec. 12(b) requires the dealer "as far as practicable" to add the amount of the tax to the sales price or charge "which shall be a debt from the purchaser or consumer

to the dealer, until paid, and shall be recoverable at law in the same manner as other debts", and if the dealer fails, refuses or neglects to collect the tax, he is liable to pay the tax. Sec. 14 requires the dealer to make monthly reports and remittances to the Revenue Commissioner. Sec. 16(b) allows the dealer 3% of the amount of tax accounted for and remitted as compensation. Sec. 16(c) imposes a penalty on any dealer who fails to make any return and pay the full amount of the tax, and under Sec. 19 the Revenue Commissioner is authorized to treat him as a *delinquent taxpayer* and issue a fi. fa. for the collection of the tax, interest and penalty, and upon "any claim of illegal assessment and collection the *taxpayer* shall have his remedy under the Code of Georgia, Section 92-8445 et seq." Under Sec. 24 of the act every person desiring to engage in business as a seller must register each place of business with the Commissioner.

From a review of the whole act, we are of the opinion that it was the intent and purpose of the legislature to levy the tax against the dealer. The levy of the tax is against him and the responsibility of collecting the tax on each sale from the purchaser and remitting to the Commissioner is solely upon him. If he fails to collect the tax from the purchaser he has to pay the tax. The Act specifically declares the relationship between the dealer and purchaser as that of debtor and creditor. The dealer's relationship to the State is that of a taxpayer. The tax on sales is imposed upon the dealer with the duty of the dealer "as far as practicable" to add the amount of the tax to the sales price and though the tax is ultimately borne by the purchaser its imposition and responsibility for payment is upon the dealer. Sec. 12(a) of the act is merely descriptive of the relationship between the dealer and the purchaser to be that as agent for the State in the collection of the tax imposed upon the dealer and passed on to the purchaser. For the reporting, accounting and payment of the tax the dealer is a taxpayer, with the right of the State in the case of his default to proceed against him, not as ordinary agent, but as a taxpayer. The provision of Sec. 12(a) is in harmony, and not in conflict, with the other provisions of the act.

The liability of the defendant in fi. fa. being that of a taxpayer, it follows that the affidavit of illegality set forth no valid defense, and the Court of Appeals erred in holding the contrary.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*