20804. JESSUP *v.* THE STATE.

ARGUED FEBRUARY 8, 1960—DECIDED MARCH 15, 1960.

*Bloch, Hall, Groover & Hawkins, William Hall,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw, A. Paul Cadenhead,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the orders of the trial court overruling the general and special demurrers to an indictment charging B. F. Jessup with the offense of a conspiracy to defraud the State of Georgia, and dismissing the special plea in bar.

The indictment charged that B. F. Jessup, in Fulton County, Georgia, on December 10, 1956, "did unlawfully, wilfully and feloniously conspire and agree with Joseph W. Ray, Sr. and W. W. Coleman to defraud the State of Georgia out of money which the State of Georgia was due as sales tax, said conspiracy being as follows: the said Jessup being a 'dealer' engaged in the sale of personal property at retail in said State, and having secured from the Revenue Commissioner of the State of Georgia a 'Certificate of Registration' numbered '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' to do business as such dealer within the State of Georgia, and as such dealer having made sales in the period February 1, 1955, through October 31, 1955, and in the period Dec. 1, 1955, through Mar. 31, 1956, upon which sales taxes were due to the State of Georgia, and as such dealer having made his reports to the Revenue Commissioner of the State of Georgia reporting his sales and showing that the sales taxes due to the State of Georgia thereon were $4,798.91 principal, and said Jessup having failed to pay the said above described sales taxes to the State of Georgia, resulting in the accrual of interest and penalties added to the above stated principal amount, *did* unlawfully, wilfully, and feloniously conspire with the said Joseph W. Ray, Sr., who was director of the Sales and Use Tax Unit in the Revenue Department of the State of Georgia, and with W. W. Coleman who was an employee of the State of Georgia assigned as tax consultant of the said Sales and Use Tax Unit, to *not enforce* the said sales tax liability of the said Jessup under said reports and under said 'Certificate of Registration,' with the intent and purpose of said conspirators to defraud the State of Georgia out of the said sales taxes, contrary to the laws of said State, the good order, peace and dignity thereof."

By general and special demurrers the defendant asserted that the indictment fails to charge him with any offense against the penal laws of the State, and particularly fails to show any violation of Code § 26-4201. It was also contended that Code § 26-4201 is unconstitutional for enumerated reasons.

The indictment attempts to allege a violation of Code § 26-4201, which reads as follows: "Any two or more persons who shall conspire or agree to defraud, cheat, or illegally obtain from the State or any county thereof, or from any public officer of the State, or any county thereof, or any person exercising the duties of any such office, any property belonging to the State or county, or under the control or possession of said officers as such, shall be punished by imprisonment and labor in the penitentiary for not less than two nor more than 10 years." One of the essential ingredients of this offense as it relates to the State is the defrauding, cheating, or illegally obtaining from the State or any public officer, property belonging to the State or under the control or possession of such public officer.

As we view the case, the primary question is: Where a dealer engaged in the sale of personal property at retail, pursuant to the Sales Tax Act of 1951 (Ga. L. 1951, p. 360), reports to the State Revenue Commissioner that the sales taxes due the State for a stated period were $4,798.91, but fails to remit the same to the Commissioner, does an agreement with two employees of the Department of Revenue not to enforce the tax liability of the dealer amount to a conspiracy to defraud the State out of its property?

The obligation of Jessup as a licensed dealer under the Sales Tax Act was to pay to the Revenue Commissioner, at the time fixed by the act, 3% on the sales he made during the taxable period. It was his duty to report his monthly sales and remit the taxes due, and if not paid, it was the duty of the Commissioner to issue a fi.fa., which under the act is a lien against the personal and real property of the dealer (Ga. L. 1951, pp. 360, 377, 382; Code, Ann., §§ 92-3426a, 92-3434a).

As of the date of the indictment, under the rulings of this court in *Williams* v. *Bear's Den*, 214 *Ga.* 240 (104 S. E. 2d 230), and *Oxford* v. *J. D. Jewell, Inc.*, 215 *Ga.* 616 (112 S. E. 2d 601), the obligation of the dealer to the State for the payment of the sales tax was that of a taxpayer. Until the taxes reported as due are actually paid to the Revenue Commissioner, neither the State nor its officers have control or possession of the sum that is due. When the taxpayer fails to remit the amount of tax reported as due and becomes a delinquent, it cannot be said that he is guilty

of larceny after trust when the State has never had title to or possession of the unremitted sum of money. The mere agreement with two employees of the Revenue Department that the collection of the unremitted amount of sales taxes would not be enforced did not deprive the State of its lien against the real and personal property of the dealer. Neither the obligation of the dealer to pay the taxes nor the right of the State to enforce its lien was canceled or lost.

The indictment failing to allege any offense under Code § 26-4201, the court erred in failing to sustain the general demurrer to the indictment.

It is unnecessary to consider the other grounds of the general demurrer or the ruling on the plea in bar.

*Judgment reversed. All the Justices concur.*