38566. DRAKE d/b/a DRAKE CONSTRUCTION COMPANY v. THYER MANUFACTURING COMPANY.

DECIDED FEBRUARY 24, 1961—REHEARING DENIED MARCH 14, 1961.

*P. Walter Jones, Robert Drake,* for plaintiff in error.

*Perry, Walters & Langstaff, Joseph B. Powell, Jr.,* contra.

*Eugene Cook, Attorney-General, Ben F. Johnson, Robert W. Goodman, Deputy Assistant Attorneys-General,* amicus curiae.

NICHOLS, Judge. 1. The one determinative question to be decided here is whether or not a dealer, as defined by the Georgia Retailers and Consumers Sales and Use Tax Act (*Code Ann.* § 92-3404a (8)) who failed to collect the use tax on sales of

personalty from the purchaser at the time said sales were made, and further failed to file proper returns with the State Revenue Commissioner covering said sales, as required by *Code Ann.* §§ 92-3405a and 92-3424a, respectively, can maintain an action against the purchaser to collect the use tax, at a date subsequent to the time of sale and purchase where as here the dealer has, upon demand, paid the tax to the State. We do not think so. *Code* § 92-3405a provides: "Collection from purchaser by dealer; payment of tax on imported items.—Every dealer making sales, whether within or outside the State, of tangible personal property, for distribution, storage, use or other consumption, in this State, shall at the time of making sales, collect the tax imposed by this Chapter from the purchaser." *Code* § 92-3424a provides: "Returns as to proceeds of sales and purchases; taxation of proceeds of rentals and leases of personalty; reports.— Beginning on the first day of April, 1951, and for the purpose of ascertaining the amount of tax payable under this Chapter, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the State Revenue Commissioner, upon forms prescribed, prepared and furnished by him, returns, showing the gross sales, or purchases, as the case may be, arising from all sales or purchases taxable under this Chapter during the preceding calendar month, or during the part of the preceding calendar month running from the effective date of this Chapter to the end of such month; and thereafter like returns shall be prepared and transmitted to said Commissioner by all dealers on or before the 20th day of each month, for the preceding calendar month. The State Revenue Commissioner may by regulation, however, provide for quarterly returns or upon application permit a dealer to file a return on such quarterly basis if found advisable."

Under the allegations of the petition the plaintiff did not collect the tax from the defendant at the time the sales were made, as required by *Code Ann.* § 92-3405a, nor file any return with the State Revenue Commissioner, as required by *Code Ann.* § 92-3424a, supra. Having thus failed to comply with these two Code sections, taken from the Sales and Use Tax Act, the

plaintiff is then faced with the provisions of *Code* § 92-3404a (8), which are as follows: " 'Dealer' also means and includes every person who solicits business either by representatives or by the distribution of catalogs or other advertising matter and by reason thereof receives and accepts orders from consumers in the State of Georgia, and such dealer shall collect the tax imposed by this Chapter from the purchaser *and no action either in law or in equity on a sale or transaction as provided by the terms of this Chapter may be had in this State by any such dealer unless it be affirmatively shown that the provisions of this Chapter have been fully complied with.*" (Italics ours).

Applying the allegations of the petition to the provisions of law contained in the above quoted Code sections it becomes obvious that the plaintiff may not maintain such action here. The petition does not affirmatively show, as required by *Code* § 92-3404a (8), supra, that every provision of the act has been complied with. On the contrary the allegations of the petition disclose the exact opposite to be true.

The Supreme Court of this State has held, in construing the Sales and Use Tax Act, as follows: "From a review of the whole act, we are of the opinion that it was the intent and purpose of the legislature to levy the tax against the dealer. The levy of the tax is against him and the responsibility of collecting the tax on each sale from the purchaser and remitting to the Commissioner is solely upon him. If he fails to collect the tax from the purchaser he has to pay the tax. The act specifically declares the relationship between the dealer and purchaser as that of debtor and creditor. The dealer's relationship to the State is that of a taxpayer. The tax on sales is imposed upon the dealer with the duty of the dealer 'as far as practicable' to add the amount of the tax to the sales price and though the tax is ultimately borne by the purchaser, its imposition and responsibility for payment is upon the dealer." *Williams v. Bear's Den, Inc.*, 214 Ga. 241 (104 S. E. 2d 230); *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616 (112 S. E. 2d 601). Under the pleadings in the case here the plaintiff is a dealer as contemplated by *Code Ann.* § 92-3404a (8), supra, and the plaintiff's petition, as heretofore stated, in failing to affirmatively show that every provision of the Sales

and Use Tax Act had been complied with prior to instituting this action against the defendant, does not set forth a cause of action, and the trial court erred in overruling the defendant's general demurrer.

The cases cited in the plaintiff's brief having been cases decided by this court and decided prior to the *Bear's Den* case, supra, anything therein that conflicts with the holding in *Bear's Den* must yield thereto.

The trial court having erred in overruling the general demurrer, all further proceedings were nugatory, and all other assignments of error will not be passed upon by this court.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*