29515. RICHARDS et al. v. BLACKMON.

UNDERCOFLER, Presiding Justice.

On January 17, 1974, W. W. Beck, Jr., and Melvin Richards as purchasers entered into a sales contract with Jeff Echols as seller to purchase all the goods, stock, inventory, merchandise, equipment and good will of a business known as Macedonia Quick Shop for $21,000. The purchasers thereafter obtained an affidavit from the seller that all debts against the business had been paid and that there were no creditors thereof in compliance with the Georgia Bulk Transfer Laws of the Uniform Commercial Code (Code Ann. § 109A-6—101; Ga. L. 1962, p. 156). On February 4, 1974, the sale was consummated according to the terms of the sales contract. On March 19, 1974, the purchasers received notice of assessment of sales tax from the State Revenue Commissioner for the months of October, November and December, 1973, and January, 1974, in the total amount of $1,745.33. On April 3, 1974, the purchasers filed their protest in the Superior Court of Forsyth County and attacked Code Ann. § 92-3422a (Ga. L. 1951, pp. 360, 375; 1960, pp. 153, 157) as being unconstitutional and also as being inapplicable to bulk sales.

The commissioner moved for a summary judgment which was granted. The trial court found that the attacked statute as amended was constitutional. The appeal is from this judgment. *Held:*

1. Code Ann. § 92-3422a provides: "If any dealer

liable for any tax, interest or penalty levied hereunder shall sell out his business or stock of goods, or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting the business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until such former owner shall produce a receipt from the commissioner showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accruing and unpaid on account of the taxable sales made by any former owner, owners or assignors."

The appellants contend that this Code section is unconstitutional because it violates the due process clauses of the State and Federal Constitutions (Code Ann. § 2-103, Code § 1-815), and the equal protection provision of the Federal Constitution (Code § 1-815).

The appellants argue that Code Ann. § 92-3422a violates the due process provisions because it fails to provide for notice and hearing as a matter of right.

Code Ann. § 92-3422a is to be considered in pari materia with Code Ann. § 92-3434a (Ga. L. 1951, pp. 360, 382; 1952, pp. 334, 336), Code Ann. §§ 92-8445, 92-8446 (Ga. L. 1937-38, Ex. Sess., pp. 77, 99; 1943, pp. 204, 206, 208) which provide for appeal to the superior court of the county of the residence of the taxpayer. The notice of assessment of the commissioner and the right to appeal to the superior court as provided in the cited Code sections provide for due process. "A statute complies with constitutional provisions as to due process where it provides for notice and hearing as a matter of right, either in express form, or, as in this instance, by necessary implication." *Buice v. Dixon,* 223 Ga. 645, 647 (157 SE2d 481). "There is no constitutional command that notice of the assessment of a tax, and opportunity to contest it, must be given in advance of the assessment. It is enough that all available defenses may be presented to a competent tribunal before exaction of the tax and before

the command of the state to pay it becomes final and irrevocable." Nickey v. Mississippi, 292 U. S. 393 (2) (54 SC 743, 78 LE 1323); *Hardin v. Reynolds,* 189 Ga. 534, 541 (6 SE2d 328). There is no merit in this contention.

2. The appellants contend further that Code Ann. § 92-3422a is unconstitutional because it seeks to impose liability and judgment on them based upon a mere relationship or association without a justifiable connection between the seller and purchasers of the business and thereby deprives them of due process and equal protection of law.

In State v. Sloan, 164 Ohio St. 579, 584 (132 NE2d 460) the Supreme Court of Ohio in dealing with a similar statute which was challenged because of lack of notice, because the appellants were not parties and because they had no opportunity to be heard, said: "The state, however, is not basing the liability of appellants on such certificate, it is merely using it as evidence, in an action against them, to establish their statutory liability which arose as a result of their own lack of diligence and failure to comply with the duty imposed upon them by statute. It was their duty to discover whether such taxes were due at the time they purchased the business, and, if they had complied with the statutory requirements which they are presumed to know, they would have been completely aware of the tax situation in regard to the business which they were purchasing. Their liability is due completely to their own lack of diligence." The legislature was authorized to allow the tax debt to follow the business, its assets, or any portion of them. Tri-Financial Corp. v. Dept. of Revenue, 6 Wash. App. 637 (495 P2d 690).

The purchasers in this case could have prevented their liability by withholding part of the purchase money to cover such taxes, etc., or could have required the seller to produce a certificate from the commissioner that no taxes, etc. were due as provided in the Act.

There is no merit in this contention.

3. The appellants contend that this was a sale under the Bulk Transfer Act (Code Ann. § 109A-6—101) and that the affidavit of the seller that there were no creditors relieved it from the sales tax assessment made under Code Ann. § 92-3422a because the state was a creditor of

the seller.

The relationship of debtor and creditor does not exist between the state and the dealer. "The dealer's relationship to the state is that of a taxpayer." *Williams v. Bear's Den, Inc.*, 214 Ga. 240, 243 (104 SE2d 230).

There is no merit in this contention.

4. The appellants contend that the bulk transfer laws of the Uniform Commercial Code (Code Ann. § 109A-6—101) impliedly repealed Code Ann. § 92-3422a since it was a later expression of the General Assembly on the same subject.

Since Code Ann. § 109A-6—101 does not deal with taxpayers, this contention is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED FEBRUARY 18, 1975.

*Boling, Neville & Shinall, Richard Neville,* for appellants.

*Arthur K. Bolton, Attorney General, Gerald M. Bowling, Assistant Attorney General,* for appellee.