### 33841. NIMMER v. STRICKLAND.
### 33842, 33843. DIXON FORD TRACTOR COMPANY v. STRICKLAND (two cases).

HALL, Justice.

1. In *Chilivis v. Dixon,* 234 Ga. 703 (217 SE2d 283) (1975), this court decided that portable crop drying units (tobacco barns) are not farm equipment exclusively used in the harvesting of crops and are, therefore, not exempt from the Georgia sales tax. Code Ann. § 92-3403a (c) (2) (v). Appellants in these three cases are sellers of portable tobacco barns and now argue that they are not liable for the tax on barns sold during the pendency of the litigation in *Chilivis v. Dixon,* supra. The trial court found that the

sellers were liable for the tax. We agree and affirm.

The sales tax is a tax on the transaction which must be collected by the dealer and paid the state. Code Ann. § 92-3404a provides that the sales tax shall be collectible "from all persons . . . engaged as dealers . . ." Code Ann. § 92-3414a provides that: . . . such dealer shall collect the tax imposed hereunder from the purchaser or consumer and shall pay the same over to the State Revenue Commissioner. . ." Decisions of this court also establish the dealer's responsibility for the tax. *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616 (112 SE2d 601) (1960); *Williams v. Bear's Den, Inc.,* 214 Ga. 240 (104 SE2d 230)(1958).

Dealer liability for the tax is not altered because the state may also proceed against the purchaser for the tax. The statute, in permissive and not mandatory language, provides that when the purchaser has not paid the sales tax, the Commissioner "shall have authority" to proceed directly against the purchaser to recover the tax. Code Ann. § 92-3402a (e). The dealers in this case were responsible in the first instance for collection and payment of the sales tax.

This initial dealer liability has not been shifted to the purchaser through any regulation or publications of the Revenue Commissioner. The Commissioner has provided a means through which dealers may avoid collecting and paying the tax when farm machinery, which is in fact tax exempt under Code Ann. § 92-3403a (c) (2) (v), is sold. Farm Machinery, 6 Rules and Regs. of Ga. § 560-12-2.89. However, portable curing barns are not exempt, and the Commissioner has always indicated the state's policy of treating the barns as non-exempt. Revenue Commissioner, Sales and Use Tax Guide on Farm Machinery, 4. The certificate of exemption from the purchaser applies only to the sale of farm machinery used exclusively in cultivating and harvesting crops and cannot create an exemption from taxation where none exists. See *Richards v. Blackmon,* 233 Ga. 739 (3) (213 SE2d 638) (1975).

The dealers are liable for the sales tax on curing barns sold during the pendency of *Chilivis v. Dixon,* supra.

2. Since as a matter of law the dealers are liable for the tax, summary judgment is appropriate. The fact that

no affidavits have been filed on behalf of the Commissioner does not alter this conclusion. Code Ann. § 81A-156 (b) provides that a defendant may move at any time for summary judgment "with or without supporting affidavits."

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 25, 1978.

*W. P. Strickland, Jr.,* for appellants.
*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.