## A06A1330. GRAHAM v. JD DESIGN GROUP, INC.
(636 SE2d 66)

MILLER, Judge.

The Georgia Department of Revenue (the "Department") assessed JD Design Group, Inc. ("JD Design"), as successor in interest to Parker's Flower Shoppe, for sales and use taxes that Parker's Flower Shoppe had not paid to the Department. JD Design appealed the assessment to the Superior Court of Crisp County, and both JD Design and the Department filed motions for summary judgment. The trial court granted summary judgment to JD Design and denied the Department's motion for summary judgment. The Department, through its Revenue Commissioner, Bart L. Graham, appeals. Since the record reveals that JD Design failed to protect itself from successor liability under OCGA § 48-8-46 and is liable to pay the assessment within the limits provided by the statute, we reverse.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence shows that Billy George Parker owned and operated Parker's Flower Shoppe in Cordele. Between April 1, 2002 and June 23, 2004, Parker filed sales and use tax returns with the Department on the taxable sales of his business, but failed to pay the taxes shown to have been collected from his customers.

Pursuant to an Asset Purchase Agreement, effective June 23, 2004, JD Design agreed to buy "substantially all assets of [Parker's] business," for $235,000. These assets included the real property, personal property, all licenses associated with business operations, goodwill and other intangible property, use of the business name, and all contractual rights associated with the business other than accounts receivable. The purchase price was $225,000 for the real property and $10,000 for the remaining assets. Parker also agreed

not to operate a florist business within a fifty-mile radius of Cordele for a five-year period following the closing date.

Parker represented in the Asset Purchase Agreement that "all taxes due . . . have been paid." Parker, however, did not ask for or receive a clearance letter from the Department showing that his business did not owe any taxes. A title search of the real estate showed no liens for unpaid sales taxes, and the Department did not file any lien or execution against Parker for unpaid taxes until November 8, 2004.

The Asset Purchase Agreement also provided that JD Design could assign its rights thereunder to its stockholders. Pursuant to this provision, JD Design assigned its right to purchase Parker's real estate to its shareholder, Joseph M. Ward, and Ward bought the land on June 23, 2004. Parker's other assets that were "used in connection with [Parker's] florist business" were transferred to JD Design on June 23, 2004 pursuant to a bill of sale. Commencing on June 24, 2004, JD Design began operating a florist shop at the location where Parker's Flower Shoppe had previously operated.

On November 15, 2004, the Department issued an official assessment and demand for payment against JD Design, as successor in interest to Parker's Flower Shoppe, for unpaid sales taxes for the months April 2002 through February 2004, in the amount of $24,340.62. JD Design appealed the assessment to the Superior Court of Crisp County on December 13, 2004. On June 6, 2005, the Department issued an additional assessment against JD Design, as successor in interest to Parker's Flower Shoppe, for $6,886.06, and JD Design amended its tax appeal to reflect the second assessment.

The trial court considered the parties' cross-motions for summary judgment and concluded that JD Design had no actual or constructive notice of the taxes owed to the Department, that JD Design was a bona fide purchaser protected against unrecorded tax liens, and that JD Design therefore was not liable to pay any amount of the assessment. The Department contends that the trial court's decision is contrary to OCGA § 48-8-46. We agree.

OCGA § 48-8-46 provides:

> If any dealer liable for any tax, interest, or penalty imposed by this article sells out his business or stock of goods or equipment or quits the business, he shall make a final return and payment within 15 days after the date of selling or quitting the business. The dealer's successor or assigns, if any, *shall withhold* a sufficient amount of the purchase money to cover the amount of the taxes, interest, and penalties due and unpaid *until* the former owner produces either a receipt from the commissioner showing that the

taxes, interest, and penalties have been paid or a certificate from the commissioner stating that no sales and use taxes, interest, or penalties are due. If the purchaser of a business or stock of goods or equipment fails to withhold the purchase money as required by this Code section, he shall be personally liable for the payment of any sales and use taxes, interest, and penalties accruing and unpaid by any former owner or assignor. The personal liability of the purchaser in such a case shall not exceed the amount of the total purchase money, but the property being transferred shall in all cases be subject to the full amount of the tax lien arising from the delinquencies of the former owner.

(Emphasis supplied.)

OCGA § 48-8-46 applies here because Parker sold substantially all the assets of his business to JD Design, including his stock of goods and equipment. See *Richards v. Blackmon,* 233 Ga. 739 (213 SE2d 638) (1975) (OCGA § 48-8-46 applied upon purchase of all the goods, stock, inventory, merchandise, equipment, and good will of a business). Although the Department had not yet filed a tax lien against Parker, and Parker represented that he paid his taxes, the statute does not contemplate that a purchaser may rely upon the seller's representations or the lien records to insulate the purchaser from personal liability for the seller's unpaid sales and use taxes. Rather, JD Design "could have prevented [its] liability by withholding part of the purchase money to cover such taxes, etc., or could have required [Parker] to produce a certificate from the commissioner that no taxes, etc. were due as provided in [OCGA § 48-8-46]." Id. at 741 (2); see also *Collins v. Lesters, Inc.,* 225 Ga. App. 405, 408 (2) (484 SE2d 62) (1997) ("[A] clear and proper interpretation of the successor liability taxing scheme is to impose personal liability upon any purchaser who has purchased the assets of a business in disregard of the statutory obligation.") (citation and punctuation omitted).

The trial court therefore erred in granting summary judgment to JD Design and in denying summary judgment to the Department on the grounds that JD Design was not liable to pay any of the assessment.

While the Department is entitled to summary judgment on the issue of JD Design's liability, an issue remains as to the extent of JD Design's liability to pay the assessment since the trial court failed to reach this issue below. This issue must therefore be addressed by the trial court upon issuance of the remittitur.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006 —

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General,* for appellant.

*Thomas H. Hurt,* for appellee.