## S07G0111. JD DESIGN GROUP, INC. v. GRAHAM.
(646 SE2d 227)

BENHAM, Justice.

This appeal concerns the liability of the purchaser of a business for unpaid sales taxes owed by the prior owner of the business. Joseph W. Ward formed JD Design Group, Inc. to operate a flower shop. JD Design bought most of the assets of an existing business, Parker's Flower Shoppe, and JD Design's sole shareholder Ward bought the real estate on which the business was operated, following which JD Design operated a florist business on that site. Although Parker stated in the asset purchase agreement that all taxes due had been paid, and although there were no tax liens recorded against Parker's Flower Shoppe, there was an outstanding balance of sales tax due. Several months after the purchase, the Department of Revenue (hereinafter, DOR) issued an assessment against JD Design as successor to Parker's Flower Shoppe. On appeal of the assessment, the trial court granted summary judgment to JD Design based on DOR's failure to record a lien. The Court of Appeals reversed, holding that JD Design's failure to protect itself from successor liability as OCGA § 48-8-46 provides made it liable for the unpaid taxes notwithstanding DOR's failure to protect its lien by recordation. *Graham v. JD Design Group*, 281 Ga. App. 347 (636 SE2d 66) (2006). This Court granted JD Design's petition for certiorari and asked, citing *In the Matter of Fulton Air Svc.*, 254 Ga. 649 (333 SE2d 581) (1985), whether the Court of Appeals erred in holding that JD Design is liable as successor in interest to Parker's Flower Shoppe.

1. JD Design argues initially that OCGA § 48-8-46 does not apply because JD Design bought less than all the assets of Parker's Flower Shoppe. JD Design has cited no authority to support its assertion that the statute applies only to a purchase of all the assets of a business and our research has revealed no such authority. The statute does not by its terms limit its application to purchasers of all the assets of a business. It speaks of the "successor or assigns" of "any dealer liable for any tax, interest, or penalty imposed by this article [who] sells out his business or stock of goods or equipment or quits the business . . ." and clarifies the meaning of "successor or assigns" by imposing liability for unpaid taxes on "the purchaser of a business or stock of goods or equipment [who] fails to withhold the purchase money as required by this Code section. . . ." The purchase by JD Design of the inventory, furniture, fixtures, equipment, vehicles, goodwill, and other assets of Parker's Flower Shoppe certainly constitutes the purchase of the "stock of goods or equipment" of a dealer who has quit the business and brings the sale within the statute. Although our research has revealed no specific holding in appellate decisions on this point, we note that the sale involved in *Collins v. Lesters, Inc.*, 225

Ga. App. 405 (484 SE2d 62) (1997), to which the statute was applied, was of "the inventory and certain other personal property assets" of the predecessor business. The use of the phrase, "certain other personal property assets," strongly suggests that less than all the assets were included. We conclude that the purchase in this case was a purchase to which OCGA § 48-8-46 applied.

2. The other argument JD Design asserts is that even if the statute applied, JD Design was an innocent purchaser for value who could not be liable because DOR's failure to file a lien deprived JD Design of notice of the seller's liability for unpaid sales tax. Central to that argument is this holding in *In the Matter of Fulton Air Svc.*, supra, 254 Ga. at 650: "As between the State which has the right to record its liens for sales and use taxes and withholding taxes, thereby protecting itself against all purchasers, and a bona fide purchaser who has no means of protecting himself, fairness requires us to favor the bona fide purchaser." The bona fide purchaser in that case was a bankruptcy trustee who was by virtue of that position a bona fide purchaser as a matter of law. Id. JD Design, by contrast, occupies no such favored position and, because of the effect of OCGA § 48-8-46, cannot claim to be a bona fide purchaser with no means of protecting itself. The statute not only effectively put JD Design on notice of the possibility of tax liability not apparent from a search of the lien recordings because it imposes on one in JD Design's position a duty to inquire (*Collins v. Lesters, Inc.*, supra ("[T]he successor liability statute imposes a duty upon potential purchasers to inquire about the seller's tax liability. [Cit.]")), but also provided the means whereby "JD Design 'could have prevented (its) liability by withholding part of the purchase money to cover such taxes . . . or could have required (Parker) to produce a certificate from the commissioner that no taxes . . . were due as provided in (OCGA § 48-8-46).' [Cit.]" *Graham v. JD Design Group*, supra, 281 Ga. App. at 349. Thus, JD Design is not in the same position as the bankruptcy trustee in *In the Matter of Fulton Air Svc.*, supra, and did not take the assets of Parker's Flower Shoppe free of DOR's lien for delinquent taxes.[1]

3. JD Design's argument that DOR's failure to file a lien should prevent it from following its claim for delinquent taxes beyond the original taxpayer is controlled adversely to it by *State v. Atlanta Provision Co.*, 90 Ga. App. 147, 150 (82 SE2d 145) (1954), where the Court of Appeals held that recording the lien is not a condition precedent to it attaching, and that the only effect of a failure to record

---

[1] The recent decision of the Court of Appeals in *Graham v. Palmtop Properties*, 284 Ga. App. 730 (645 SE2d 343) (2007), does not require a different result since the decision there turned not on whether the purchaser was a bona fide purchaser but whether the entity which owed the taxes was the entity from which the business was purchased.

the lien is that, as against innocent purchasers, the lien will be lost. As we held above, JD Design cannot be considered an innocent purchaser. Nonetheless, JD Design complains that DOR's statutory entitlement to two means of ensuring payment of sales taxes, the requirement imposed by OCGA § 48-8-46 that the purchaser of a business retain sufficient funds from the purchase price to pay the taxes, and the lien provided for in OCGA § 48-8-56, is unfair. Giving a taxing authority multiple means of ensuring collection of taxes is not unique to this tax or this statute. For instance, with regard to ad valorem taxes, "a tax commissioner retains a lien on the property that is enforceable against a subsequent purchaser of the property [and] the prior owner also remains liable for the taxes. [Cit.]" *Mulligan v. Security Bank of Bibb County*, 280 Ga. App. 248, 250 (633 SE2d 629) (2006). The essence of JD Design's unfairness argument is a claim of estoppel, but that position is foreclosed by the long-standing and " 'well-settled principle that the State cannot be estopped from asserting its right, on account of negligence . . . of its officers, and can only be estopped by legislative act or resolution.' [Cit.]" *Brown v. Roach*, 31 Ga. App. 476, 478 (120 SE 813) (1923). No statutory estoppel applies to the lien to which DOR is entitled with regard to delinquent sales taxes.

Because JD Design cannot claim the status of innocent purchaser and because DOR is not estopped from collecting the delinquent tax liability by its failure to file a lien, the Court of Appeals was correct in reversing the trial court's contrary holding.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Hurt & Associates, Thomas H. Hurt, Jones, Cork & Miller, Sharon H. Reeves*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, R. O. Lerer, Senior Assistant Attorneys General, Michele M. Young, Assistant Attorney General*, for appellee.