## 54775. FAIRINGTON, INC. et al. v. YEARGIN CONSTRUCTION COMPANY, INC.

BIRDSONG, Judge.

Fairington, Inc. (Fairington) appeals from the denial of its motion for summary judgment and the grant of summary judgment for Yeargin Construction Co., Inc. (Yeargin). *Held:*

1. All but one of appellant's enumerations of error relate to the trial court's denial of its motion for summary judgment, which was filed on October 23, 1974. The motion simply denied the existence of material issues of fact and demanded judgment as a matter of law. Neither briefs nor affidavits were attached to the motion or otherwise presented until the hearing on April 2, 1975, over five months after the motion was filed. Relying on Code Ann. § 81A-106 (d), the trial court ruled that the brief and affidavits were not timely filed and refused to consider them. Consequently, the motion was denied.

In determining whether affidavits in support of a motion for summary judgment are properly before the court, considering the motion, Code Ann. §§ 81A-106 (d) and 81A-156 (e) must be read together. *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 88 (210 SE2d 34). Code Ann. § 81A-106 (d) provides, in pertinent part: "When a motion is supported by affidavit, the affidavit *shall be served with*

*the motion."* (Emphasis supplied.) The statute contains no exception to this mandatory language; the remainder of Code Ann. § 81A-106 (d) is applicable *only* to opposing affidavits. Although this court has examined many times the language in Code Ann. § 81A-106 (d), relating to *opposing* affidavits (see *Supreme Oil Co. v. Brock,* 129 Ga. App. 863 (1) (201 SE2d 659)), the requirement as to *supporting* materials is so explicit that we have never been called upon to interpret it.

The statute is unambiguous in its mandate: "The affidavit shall be served with the motion." This court has held that: "The purpose of the statute [Code Ann. § 81A-106 (d)] is to prevent a party from being suprised the day of the hearing by an affidavit that he would not be in a position to answer." *Vann v. Bice,* 127 Ga. App. 579 (194 SE2d 259). In view of the clear purpose and unequivocal language of the statute, we hold that affidavits in support of a motion for summary judgment, not served in compliance with Code Ann. § 81A-106 (d), are not properly before the court considering such a motion. These enumerations are without merit.

2. Appellant argues that the trial court erred in refusing to accept its brief, also filed the day of the hearing. We are aware of no statute which would require a trial court to rely upon briefs of counsel, and appellant has failed to cite any authority in support of such an argument. The trial court did not err in refusing to accept appellant's brief.

3. Appellant enumerates as error the grant of summary judgment in favor of Yeargin, without argument or citation of authority. This enumeration is deemed abandoned. See *Cochran v. Baster,* 142 Ga. App. 546 (236 SE2d 528).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED
JANUARY 6, 1978.

*Moreton Rolleston, Jr.,* for appellants.
*Carter, Ansley, Smith & McLendon, Tommy T.*

*Holland, Anthony C. Smith,* for appellee.