## 55141. WALL v. CITIZENS & SOUTHERN BANK OF HOUSTON COUNTY.

WEBB, Judge.

Thomas H. Wall, III appeals from a grant of summary judgment in favor of the bank in its suit against him on a promissory note. We agree with certain rulings of the trial court as indicated in Division 1 but, for reasons stated in Division 2, we reverse the grant of summary judgment to the movant bank.

1. The bank had taken no action to collect or accelerate the balance due until the instant suit was filed, and we must reject Wall's contention that the statute of limitation began to run upon the entire claim at his default in paying the first installment. *Slaten v. College Park Cemetery Co.,* 54 Ga. App. 451 (188 SE 257) (1936); *Glass v. Grant,* 46 Ga. App. 327, 328 (2) (167 SE 727) (1933). Accordingly, we do not disturb the various rulings of the trial court disallowing the defense of the statute of limitation as a bar to the action.

2. But we must reverse the grant of summary judgment to the bank because the trial court erroneously allowed in support of the motion a paper entitled "Supplemental Affidavit to Plaintiff's Motion for Summary Judgment" which was not filed or served until the hearing on the motion. It is conceded that Wall objected to this affidavit as not being timely submitted, and accordingly no issue as to waiver of error is involved here. See *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76, 77 (1) (186 SE2d 452) (1971); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178) (1970). Nor does the doctrine of harmless error apply since, pretermitting the question of whether summary judgment would have been proper had the affidavit been timely submitted, it is clear that summary judgment would be improper without its consideration because otherwise Wall's defenses were not negated. See *Hurston v. Dealer Service Plan,* 141 Ga. App. 148 (2) (232 SE2d 641) (1977) and cits.

We thus come to the question of whether a "supplemental" affidavit in support of a motion for summary judgment may, over objection, be submitted at

the hearing, a question noteworthy for its novelty. While there is express statutory authority under CPA § 6 (d) (Code Ann. § 81A-106 (d)) for the opposing party to serve counter-affidavits one day before the hearing or, with permission of the court, "at some other time," meaning the day of the hearing (*Sasser & Co. v. Griffin,* 133 Ga. App. 83, 88 (3a) (210 SE2d 34) (1974)), there is no similar "day of the hearing" provision for the movant's affidavits. And although CPA § 56 (e) (Code Ann. § 81A-156 (e)) does provide that "[t]he court may permit affidavits to be supplemented or opposed by . . . further affidavits," it is silent as to when the supplemental affidavits may be submitted or the conditions under which they may properly be received. In principle we see no distinction between "original" and "supplemental" affidavits insofar as timeliness is concerned, since in either case the value to be served is the opposite party's opportunity to respond and resist final judgment being rendered against himself on the merits[1]; and, no sufficient reason to do otherwise having been made to appear, we treat this "supplemental" affidavit as if it were an "original" affidavit governed by CPA §§ 56 (a) and (c), and 6 (b) and (d) (Code Ann. §§ 81A-156 (a), (c); 81A-106 (b), (d)).

The first two of those subsections provides that a party may "move with . . . supporting affidavits for a summary judgment" which "shall be served at least 30 days before the time fixed for the hearing." Additionally, § 6 (d) specifically provides: "When a motion is supported by affidavit, the affidavit shall be served with the motion . . ." which in the case of a motion for summary judgment is "at least 30 days before the time fixed for the hearing" (CPA §

---

[1] "The purpose of the statute is to prevent a party from being surprised the day of the hearing by an affidavit that he would not be in a position to answer." *Vann v. Bice,* 127 Ga. App. 579-580 (194 SE2d 259) (1972). "The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him." *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 356 (203 SE2d 277) (1973).

56 (c), supra; *Davis v. American Acceptance Corp.,* 119 Ga. App. 265 (167 SE2d 222) (1969); *Riverhill Community Assn. v. Cobb County Bd. of Commrs.,* 236 Ga. 856, 859 (6) (226 SE2d 54) (1976)), or 30 days prior to the granting of summary judgment if no hearing is held. *Peoples Financial Corp. v. Jones,* 134 Ga. App. 649 (215 SE2d 711) (1975). Following the counterpart federal rules it has been flatly held that Rules 56 and 6 (d) leave no room for judicial discretion and require the striking of a supporting affidavit not served along with a timely-filed motion for summary judgment. Canning v. Star Publishing Co., 19 FRD 281 (D. C. Del., 1956).

We are of the view, however, that the requirement of simultaneous filing of the motion and supporting affidavits is not absolute but that CPA § 6 (b) (Code Ann. § 81A-106 (b)) would, in a proper case, authorize the trial court to extend the period for filing movant's affidavits. That section provides: "When . . . an act is required or allowed to be done at or within a specified time, . . . the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period extended if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . ."

A counterpart of this section was considered in relation to summary judgment procedure in Nationwide Mut. Ins. Co. v. Chantos, 21 N. C. App. 129 (203 SE2d 421) (1974), reversing a grant of summary judgment where movant's affidavits were improperly allowed at the hearing. We find that case persuasive and we adopt it here as follows: "Rule 6 (d) specifically provides: 'When a motion is supported by affidavit, the affidavit shall be served with the motion.' This provision of Rule 6 (d) applies to affidavits in support of a Rule 56 motion for summary judgment.

"Our ruling upon this question is supported by recognized authors on the subject of the federal rules after which our rules are patterned.

" 'The moving party should serve his supporting

affidavits, if any, with his motion; and normally the adverse party should serve his opposing affidavits, if any, prior to the day of hearing.' 6 Moore's Federal Practice, 2d ed., p. 2820. 'If the party seeking summary judgment desires to use affidavits, he should serve supporting affidavits that meet the testimonial requirements of Rule 56 (e) with his motion.' Id., p. 2256. 'According to Rule 6 (d), any affidavits in support of the summary judgment motion also should be served at the time the motion is served, unless the court exercises its discretion under Rule 6 (b) and permits later service.' 10 Wright and Miller, Federal Practice and Procedure, § 2719, p. 450. See also, 3 Barron & Holtzoff, Federal Practice and Procedure § 1237, p. 167 (Wright ed. 1958).

"Clearly, Rule 6 (b) gives the trial court wide discretionary authority to enlarge the time within which an act may be done. However, the discretion to be exercised is a judicial discretion, not an unrestrained one.[2] Rule 6 (b) itself provides that, in order to obtain an enlargement of time within which to do an act, the request for enlargement of time must be made before the expiration of the period originally prescribed or as extended by previous order. If the request for enlargement of time is made after the expiration of the period of time within which the act should have been done, there must be a showing of excusable neglect.

"In the case presently before us, there was no request

---

[2] The legislature, in enacting CPA § 56, provided that the party opposing the motion for summary judgment should have 30 days to respond, rather than the 10 days provided by the federal rule. We would think that any order allowing the filing of movant's affidavits after the motion for summary judgment had already been filed, without also ensuring that the opposing party had 30 days from the time allowed to respond, would be highly suspect if not fatally defective. Doubtless the trial courts are already so providing as a matter of course (see *Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373, 379 (3) (173 SE2d 716) (1970)), which may account for the dearth of appellate court decisions in this area.

for enlargement of time within which to file and serve the affidavits made prior to making the motion for summary judgment, nor was there a finding of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. Therefore, the movant has failed to proceed in a manner that would permit the trial court to exercise its discretion under Rule 6 (b)."

Here, as there, "We express no opinion upon the merits of plaintiff's claim. We merely wish to correct an erroneous proceeding under Rule 56." Chantos, 21 N. C. App. 129, supra. Accord, *Stratton & McLendon, Inc. v. Cameron-Brown Co.*, 140 Ga. App. 430, 431 (231 SE2d 447) (1976).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JANUARY 12, 1978 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*Thomas Hylmon Wall, III,* pro se.
*Cowart, Varner & Harrington, Pamela M. Richards,* for appellee.