## 55765. CHATTAHOOCHEE HOLDINGS, INC. v. MARSHALL.

McMURRAY, Judge.

In March of 1972, The Athlon Corporation executed a promissory note in the amount of $33,000 to the People's American Bank. This note was individually endorsed by Chattahoochee Holdings, Inc., Lee W. Marshall and J. Donally Smith. Chattahoochee Holdings, Inc. put up as security for the loan a $35,000 certificate of deposit. On or about April 27, 1972, the three endorsers executed a letter agreement whereby each agreed to reimburse the other endorsers on a pro rata basis ("one-third of the amount so paid") should any of the endorsers be obligated to pay People's American Bank "any portion of The Athlon Corporation note."

On February 6, 1974, Smith and Chattahoochee entered into an agreement whereby for value received one Charles R. Massell, individually and as president of Chattahoochee Holdings, Inc., transferred and assigned certain intangible property including: "[a]ny and all debt obligations of The Athlon Corporation, a Delaware corporation, to the undersigned [Massell and Chattahoochee Holdings, Inc.] including without limitation . . . [a]ny and all debt obligations of Lee W. Marshall to the undersigned arising in any way out of the undersigned's participation in the affairs of The Athlon Corporation or [their] ownership of stock of The Athlon Corporation . . ." Further, this transfer and assignment stated that it was "executed for the purpose of transferring to said J. Donally Smith any rights which the undersigned may have in the above mentioned intangible property and no representations or warranties, express or implied, are made hereby . . . [and] . . . the undersigned hereby disclaim any warranties that they, in fact, have any interest in said intangible property transferred hereby or that any of said intangible property transferred hereby does in fact exist." Subsequently, in May of 1975, The Athlon Corporation defaulted on the note to the bank, and Chattahoochee's certificate of deposit, held as security, was used to pay the loan ($33,000 plus interest).

On December 30, 1975, Chattahoochee Holdings, Inc. sued Lee W. Marshall seeking the sum of $16,500 as his one-third contribution on their agreement relative to the endorsement of the $33,000 loan made to The Athlon Corporation dated March 30, 1972, by the People's American Bank secured by a $35,000 certificate of deposit of the plaintiff, the same being endorsed by plaintiff Lee Marshall and J. Donally Smith each agreeing that the extent of obligation among each other to be one-third each or "one-third of the amount so paid."

Marshall was a nonresident and because of service difficulties an answer was not filed until April 30, 1976. Marshall answered with 14 defenses and later amended it to add an additional nine. On October 3, 1977, defendant Marshall again amended his answer and added a 24th defense alleging that Chattahoochee (plaintiff) had

transferred and assigned to J. Donally Smith any rights it may have had against defendant, the same being in writing executed on or about February 6, 1974. Defendant Marshall also filed a separate motion to dismiss in the nature of a plea in abatement attaching thereto a copy of an agreement between Smith, Chattahoochee Holdings, Inc. and Charles R. Massell, individually, Massell executing same for Chattahoochee Holdings, Inc. as authorized officer and president.

On March 15, 1977, Marshall's motion came on for a hearing which was based on an affidavit filed December 13, 1977, of J. Donally Smith in support of its motion. Plaintiff Chattahoochee objected to the affidavit on the grounds that it had not been timely filed, moved to dismiss defendant's motion on the ground that it raised defenses which necessarily should have been raised in the original responsive pleadings or in a motion filed before or at the time of the filing of the original responsive pleadings. Upon consideration thereof the trial court overruled plaintiff's motion to dismiss defendant's motion and granted defendant's motion to dismiss in the nature of a plea in abatement. Plaintiff appeals. *Held:*

1. All choses in action arising upon contract may be assigned so as to vest the title in the assignee. However, the assignee takes same subject to the equities existing between the assignor and debtor at the time of the assignment and until notice of assignment is given to the person liable except in the case of negotiable instruments. See Code Ann. § 85-1803 (Ga. L. 1952, pp. 225, 229); *Van Pelt v. Hurt,* 97 Ga. 660 (25 SE 489); *Southern Mut. Life Ins. Assn. v. Durdin,* 132 Ga. 495 (64 SE 264); *Jones v. Universal C. I. T. Credit Corp.,* 88 Ga. App. 24 (75 SE 822); *Cleary & Co. v. Fawcett,* 19 Ga. App. 184 (91 SE 227). Even a contingent right in certain real estate can be assigned even though it is not at all certain that it would ever be transformed into a present right. See *Johnson v. Johnson,* 213 Ga. 466, 471-472 (2) (99 SE2d 827); *Todd v. Williford,* 169 Ga. 543, 549 (3) (150 SE 912). Clearly the right in question here was properly identified as being the liability for the one-third share of the $33,000 Athlon loan for which Marshall would become liable to Chattahoochee in the event that Chattahoochee was

called upon by the bank to repay the loan. Said transfer and assignment for value received was executed for the purpose of transferring to said J. Donally Smith any rights which the undersigned may have in the above mentioned intangible property. See *Shockley v. Storey,* 185 Ga. 790, 792-793 (196 SE 702); also Code § 29-103. Further, the affidavit of J. Donally Smith shows without doubt that the assignment included Chattahoochee's rights against Marshall concerning the Athlon note. Accordingly, plaintiff did not own the chose in action but same was owned by J. Donally Smith, hence it could not sue to collect it. One is estopped from denying his right to sell and convey. See Code § 29-111.

2. In the instant case plaintiff's counsel at the hearing orally objected to a consideration of the Smith affidavit which was filed and hand-delivered to plaintiff's counsel two days prior to the hearing. The court offered to grant a continuance, but plaintiff's counsel did not request a continuance but at the same time did not withdraw his objection. Code Ann. § 81A-106 (d) (Ga. L. 1966, pp. 609, 617) requires that when a motion is supported by affidavit, "the affidavit shall be served with the motion; and opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time." Since the written motion must be served "not later than five days before the time specified for the hearing," the affidavit was not timely filed. See *Fairington, Inc. v. Yeargin Const. Co., Inc.,* 144 Ga. App. 491 (1) (241 SE2d 608); *Wall v. C & S Bank,* 145 Ga. App. 76 (243 SE2d 271). However, the trial judge has a vast discretion in such matters and he offered a continuance, which was not accepted, otherwise he intended to hear the matter, hence no reversible error appears. See *Burger Chef Systems v. Newton,* 126 Ga. App. 636 (1), 638-639 (191 SE2d 479); *Webb v. Oliver,* 133 Ga. App. 555, 559 (6) (211 SE2d 605); *Piper v. Piper,* 139 Ga. App. 19, 20-22 (1), (2) (227 SE2d 842).

3. The unrebutted testimony shows that plaintiff after the assignment had no legal interest in the claim, the ownership in the chose in action being in J. Donally Smith. This is quite a different situation from a contention that plaintiff is not a real party in interest and

that J. Donally Smith is the indispensable party plaintiff in the lawsuit. The cases of *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459); *Burgess v. Clermont Properties,* 141 Ga. App. 112 (232 SE2d 627) are not controlling here.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED MAY 3, 1978 — DECIDED JUNE 23, 1978 — REHEARING DENIED JULY 13, 1978 — 

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard, William D. Barwick,* for appellant.

*Neely, Neely & Player, William F. Welch,* for appellee.