## 57100. AREA et al. v. CAGLE.

BELL, Chief Judge.

Plaintiffs, executors of the estate of C. J. Bowers, alleged in their complaint that defendant executed three promissory notes to C. J. Bowers, and that the notes were due and unpaid. Defendant answered, admitting execution of these notes but denied being indebted on them in any amount. Both parties moved for summary judgment. The sole defense, as evidenced by the defendant's affidavit and that of the deceased Bowers' ex-wife, was discharge of the obligation by virtue of a contemporaneous parol agreement with the deceased to the effect that should Bowers die before defendant repaid the loans, defendant would be discharged from liability. At the hearing on the motions plaintiffs objected to the admissibility of defendant's evidence contained in his affidavits establishing his defense. The trial court held at the hearing on motions that based on the fact that plaintiffs made no objection to defendant's evidence in the affidavits prior to the call of the case, this evidence was taken as true. The court granted summary judgment to defendant and in a separate order denied plaintiffs' motion. *Held:*

1. The trial court erred in overruling the objection to the admissibility of the evidence contained in defendant's affidavits. Objections made at the hearing on the motion to the admissibility of evidence offered in support of a motion for summary judgment are timely. The Civil Practice Act sets no specific time limit as to when objection to evidence offered on a summary judgment motion must be made. CPA § 56 (e) (Code Ann. § 81A-156 (e)).

2. The affidavit contained evidence of a contemporaneous oral agreement that the notes were to be discharged in the event Bowers pre-deceased the defendant. This parol evidence which varies the terms of the written instrument is inadmissible under Code § 38-501. The trial court erred in considering it and granting summary judgment to defendant on this sole defense of discharge.

3. The trial court erred in denying summary

judgment to plaintiff. The defendant admitted execution of the notes. Thus plaintiff established a prima facie right to recover on the notes and since defendant had not established a legally sufficient defense, plaintiff was entitled to summary judgment. *Freezamatic Corp. v. Brigadier &c. Corp.*, 125 Ga. App. 767 (189 SE2d 108).

*Reversed with direction to enter judgment for plaintiffs. Webb and Banke, JJ., concur.*

ARGUED JANUARY 4, 1979 — DECIDED JANUARY 9, 1979 — REHEARING DENIED JANUARY 25, 1979.

*Morton, Humphries & Payne, J. D. Humphries, III, John P. MacNaughton,* for appellants.

*Howard & deMayo, James C. Howard, Jr., Richard T. deMayo,* for appellee.