## 57505. ROBERSON v. HOME INSURANCE COMPANY.

Quillian, Presiding Judge.

The sole issue presented in this suit on an insurance policy is whether the plaintiff, within the time required by the policy, filed with the company a sworn proof of loss. The defendant introduced affidavits by a claim adjuster and by its agent that no proof of loss was filed. The plaintiff answered the defendant's interrogatories as follows: "Q. Did you file a sworn proof of loss concerning the fire loss complained of with the defendant, Home Insurance Company? A. Yes. Q. If so, state: (a) The date it was prepared; A. Unknown. Q. (b) The name, address, telephone number and occupation of the person who prepared it; A. Crawford and Company. Q. (c) The date it was submitted to the defendant insurance company; A. Given to Crawford and Company representative who was

handling claim; Q. (d) The manner in which it was submitted to the defendant insurance company; A. It is unknown what disposition Crawford and Company made of the document. Q. (e) The name, address and telephone number, and job title of the representative of the defendant to whom the sworn proof of loss was submitted; A. It seems the representative's name was J. I. Sharpe, Jr.; Q. (f) The relationship, if any, of the defendant's representative to the plaintiff; A. None to my knowledge."

The defendant also stated by affidavit "My 1969 International truck was destroyed by fire on or about 9-29-77. I immediately notified my insurance agent of the loss. Within a few days, a representative from Crawford and Company, whose name I believe to be J. I. Sharpe, Jr., came and investigated the circumstances of the fire. I assisted him and cooperated in every way possible with his investigation. Upon conclusion of his investigation, the Crawford and Company representative mailed a proof of loss to me with a note, which was dated November 23, 1977. I did not agree with the figures contained in the proof of loss which had been prepared by Crawford and Company, so I changed the figures to reflect the true ACV and amount claimed. Some time around November 25, 1977, a gentleman came by my residence and asked if he could pick up the proof of loss which had previously been mailed to me. I gave the proof of loss to the gentleman and he left my residence with it in his possession."

The trial judge found that "It appears from plaintiff's affidavit that the person to whom he delivered the proof of loss is unknown. Thus, it could not have been the Crawford and Company representative, J. I. Sharpe, Jr. or someone else, with whom plaintiff had previously met and had dealings. Plaintiff, in his affidavit, does not state that this unknown person identified himself as a representative of Crawford and Company or of the defendant insurance company or that plaintiff considered him to be such an agent. It appears from plaintiff's affidavit that the identity and authority of this 'gentleman' is totally unknown. No facts being stated to indicate that this unknown person was an agent for the defendant, no fact issue is thereby created." Summary judgment was granted for the defendant. *Held:*

The trial judge correctly interpreted the plaintiff's affidavit as being insufficient to raise an issue of fact. However, no consideration was given to the answers given in response to defendant's interrogatories. There plaintiff stated he filed a sworn proof of loss. "[A]lthough the general rule is that upon the trial of the case the testimony of a party litigant, where self-contradictory or ambivalent, must be construed against him, yet on motion for summary judgment made by a party upon whom the burden of proof does *not* lie on the trial of the case, all evidence must be construed against the movant and in favor of the party opposing the motion. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); s. c., 124 Ga. App. 66 (183 SE2d 78). It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the plaintiff. That part of his testimony most favorable to his position will be taken as true on motion for summary judgment made by the defendant insurer." *Browder v. Aetna Life Ins. Co.,* 126 Ga. App. 140, 141 (190 SE2d 110).

Here, although the plaintiff's proof is equivocal, contradictory and casts serious doubts on his credibility, still, on motion for summary judgment, we can not hold that there is no material issue of fact. A question of credibility can not be resolved on summary judgment. *Smith v. Sandersville Production Credit Assn.,* 229 Ga. 65, 67 (189 SE2d 432).

*Judgment reversed. Smith and Birdsong, JJ., concur.*

Submitted March 13, 1979 — Decided April 9, 1979.

*Rembert C. Cravey,* for appellant.

*William Ward Newton, Joseph D. McGovern,* for appellee.