## 58854. JONES v. HOWARD.

CARLEY, Judge.

Appellant and his late father were partners engaged in the practice of law. Appellee is the executor under the will of appellant's father. Appellee filed suit alleging that the deceased's capital account in the partnership was at the time of his death in excess of $18,000, that demand was made on appellant, as surviving partner, for that sum and that appellant had disputed the claim, contending all rights of the deceased in the partnership belonged to appellant under the partnership agreement. Appellee further alleged that he and appellant had entered into an agreement whereby appellee would sell the deceased's partnership interest to appellant for $18,000 — $6,000 cash and $1,000 per month for twelve months. It was alleged that appellant, pursuant to this agreement, had paid appellee $6,000 and had made three monthly

payments for a total of $9,000 but had thereafter refused to make further payments. Appellee sought to recover the $9,000 balance due under his alleged agreement with appellant.

Appellant answered the complaint denying that he had entered into such an agreement with appellee and that he was indebted to appellee in any amount. He admitted, however, that he had paid $9,000 to appellee, specifically denying that he was under any obligation to do so. Appellant counterclaimed against appellee seeking recovery of the $9,000 he had paid to appellee.

Appellee subsequently moved to dismiss the counterclaim and for summary judgment. The summary judgment motion was supported by appellee's affidavit which in substance merely repeated under oath the allegations of his complaint. Appellant filed his own affidavit in opposition to the motion. He too merely repeated the denials of his answer. Appellant also filed an amendment to his answer and counterclaim which, while specifically denying the existence of any agreement between himself and appellee, raised the affirmative defense of the Statute of Frauds.

Two days before the hearing on the motion, appellee filed an amendment to his complaint, alleging that appellant had agreed in writing to pay the amount shown as the capital account of his father to appellee. Attached thereto was a copy of an undated document, purporting to bear appellant's signature, and stating in pertinent part: "I dispute the capital account shown on statement of partnership between [my father] and myself as assets are not in partnership values. I agree to pay capital account to executor in settlement if Nancy Jones would honor bequest to my children in will of [my father] and pay indebtedness of estate from her bequests under will." On the same day the amended complaint was filed, appellee also filed his responses to appellant's requests for admissions. Therein, he denied the request to admit that the agreement sued on was not in writing or memorialized in writing and attached a copy of the agreement quoted above. Also on this same day, two days before the hearing, appellee filed a "supplemental affidavit" in support of his motion. This affidavit reiterated the existence of an

agreement between himself and appellant on the terms previously sworn to. It further stated that the agreement was evidenced in writing, incorporated a copy of the agreement above quoted, and indicated that the conditions set forth therein of payment of the bequests to appellant's children and assumption of the obligations of the estate by Nancy Jones had been satisfied.

Two days later, appellee's motions for summary judgment and dismissal of the counterclaim came up for hearing. The trial court granted appellee's motion for summary judgment and further ordered the dismissal of appellant's counterclaim. Appellant brings this appeal from the order granting appellee's motions.

1. Appellant urges that the trial court erred in considering appellee's "supplemental affidavit," filed two days before the hearing and not served with the motion as required by Code Ann. § 81A-106 (d). There is no transcript of the hearing but appellee concedes in his brief that objection was made at the hearing to the trial court's consideration of the affidavit. Thus it is clear that appellant did not, by his silent acquiescence, waive the timely submission requirement. Compare *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76, 77 (1) (186 SE2d 452) (1971).

The issue of when affidavits in support of a motion for summary judgment must be filed was first addressed in *Fairington, Inc. v. Yeargin Const. Co.,* 144 Ga. App. 491 (241 SE2d 608) (1978): "In determining whether affidavits in support of a motion for summary judgment are properly before the court, considering the motion, Code Ann. §§ 81A-106 (d) and 81A-156 (e) must be read together. [Cit.] Code Ann. § 81A-106 (d) provides, in pertinent part: 'When a motion is supported by affidavit, the affidavit *shall be served with the motion.'* (Emphasis supplied.) The statute contains no exception to this mandatory language; the remainder of Code Ann. § 81A-106 (d) [to the effect that "opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time"] is applicable *only* to opposing affidavits . . . The statute is unambiguous in its mandate: 'The affidavit shall be served with the motion.' This court has held that: 'The purpose of the statute (Code Ann. §

81A-106 (d)) is to prevent a party from being surprised the day of the hearing by an affidavit that he would not be in a position to answer.' [Cit.] In view of the clear purpose and unequivocal language of the statute, we hold that affidavits in support of a motion for summary judgment, not served in compliance with Code Ann. § 81A-106 (d), are not properly before the court considering such a motion."

However, this strict interpretation of Code Ann. § 81A-106 (d) — that affidavits in support of motions for summary judgment *must* be served with the motion and that the discretion of the court to allow late service of affidavits applies *only* to those filed in opposition to the motion — was relaxed in *Wall v. C. & S. Bank,* 145 Ga. App. 76 (243 SE2d 271) (1978). Contrary to the holding in *Fairington,* it was held that the requirement of simultaneous filing of the motion and supporting affidavits is "not absolute" but that that portion of Code Ann. § 81A-106 (d) which would allow the trial court to exercise its discretion to permit the late filing of affidavits — which had been held in *Fairington* to be applicable only to affidavits opposing the motion — was in fact applicable to supporting affidavits. " 'According to [Code Ann. § 81A-106 (d)], any affidavits in support of the summary judgment motion also should be served at the time the motion is served, unless the court exercises its discretion under [Code Ann. § 81A-106 (b)] and permits later service.' [Cits.]

" 'Clearly, [Code Ann. § 81A-106 (b)] gives the trial court wide discretionary authority to enlarge the time within which an act may be done. However, the discretion to be exercised is a judicial discretion, not an unrestrained one.' " *Wall v. C. & S. Bank,* supra at 79. See also *Anderson v. Southeastern Capital Corp.,* 148 Ga. App. 164 (2) (251 SE2d 55) (1978).

Thus under prevailing authority Code Ann. §§ 81A-156 (e) and 81A-106 (d) require affidavits in support of a motion for summary judgment to be served with the motion unless the movant seeks and obtains an extension from the court pursuant to Code Ann. § 81A-106 (b). Any such extension of time within which to file supporting affidavits should also ensure that the party opposing the motion will have 30 days within which to respond. *Wall v.*

*C. & S. Bank,* supra at 79, fn. 2.

Applying this rule to the instant case and appellee's "supplemental" affidavits filed two days prior to the hearing, the grant of summary judgment must be reversed. " '[T]here was no request for enlargement of time within which to file and serve the affidavits made prior to making the motion for summary judgment, nor was there a finding of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. Therefore, the movant has failed to proceed in a manner that would permit the trial court to exercise its discretion under [Code Ann. § 81A-106 (d)]' . . . 'We express no opinion upon the merits of [appellee's] claim. We merely wish to correct an erroneous proceeding under [Code Ann. § 81A-156].' [Cits.]" *Wall v. C. & S. Bank,* supra at 79-80.

Appellee, relying on *Chattahoochee Holdings v. Marshall,* 146 Ga. App. 658, 661 (2) (247 SE2d 167) (1978), contends that the burden was on appellant to move for a continuance in order to secure time to respond to the late-filed affidavit and that, having merely objected to its consideration without so moving, appellant waived his objection and the trial court properly exercised its discretion in giving the affidavit consideration. We do not agree. *Chattahoochee Holdings* is not a summary judgment case. *Wall,* which deals specifically with the issue involved in the instant case, demonstrates that when an affidavit made in support of a summary judgment motion is not served with the motion, the burden is on the movant, not the opposing party, to invoke the trial court's discretion with regard to the late filing. *Wall* also clearly holds that objection by the opposing party at the hearing, as was done here, is not a waiver. The legislature, in enacting Code Ann. § 81A-156, provided that when a motion for summary judgment "is made and supported" the opposing party is to have 30 days to respond. The record here does not indicate that upon appellant's objection to the late-filed affidavit, he was offered but refused a 30-day continuance. Rather, appellant objected and the trial court over this objection granted summary judgment "after consideration of the affidavits on file." Thus, it appearing that the trial court considered the

affidavit in support of the motion (*General Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449) (1979)), not filed pursuant to Code Ann. § 81A-106 (d), over objection, summary judgment was erroneously granted. *Wall v. C. & S. Bank,* 145 Ga. App. 76, supra.

2. Appellee argues that the late-filed affidavit is merely cumulative of evidence otherwise in the record and considered by the trial court on the motion and that that evidence, even without the affidavit, supports the grant of summary judgment. We do not agree.

The sole issue in the case is whether there is a valid and enforceable agreement between appellee and appellant. Appellee contends that such an agreement with specific terms is in existence between himself and appellant. Appellant denies these allegations. The evidence introduced in support of and in opposition to the motion for summary judgment, construed as it must be on summary judgment, adds nothing material to the original complaint or answer in this case. The allegations of the complaint are sworn to by the appellee in his original affidavit and appellee likewise denies those allegations under oath in his opposing affidavit. In such a case, it was error to grant summary judgment. Cf. *Barker v. Gold Kist, Inc.,* 135 Ga. App. 224 (217 SE2d 195) (1975). Questions of credibility cannot be resolved on summary judgment. *Roberson v. Home Ins. Co.,* 149 Ga. App. 590 (254 SE2d 908) (1979). Contrary to appellee's assertions, appellant's evidence is not self-contradictory. It contradicts only appellee's allegations and appellee's evidence. Compare *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978).

Furthermore, assuming without deciding that appellee's amended complaint and responses to requests for admission, filed two days before the hearing and which for the first time introduced a writing into the case, were properly considered on the motion and that appellant's Statute of Frauds defense was pierced thereby even in view of appellant's affidavit which unequivocally denies participating in *any* compromise or settlement agreement, it is clear from the writing itself and from other evidence that the intent of the parties as to the meaning of "capital account" contained in the writing is

in dispute between the parties. This being so, summary judgment was erroneously granted. *San Joi, Inc. v. Peek,* 140 Ga. App. 397 (231 SE2d 145) (1976). Also, appellee's evidence does not in any way address or pierce appellant's defenses to the suit — other than the Statute of Frauds — that the "alleged agreement . . . the existence and enforceability of which [appellant] denies, is void and unenforceable by reason of indefiniteness and uncertainty, a total lack of consideration and a total failure of consideration." It was error to grant appellee summary judgment. *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430 (231 SE2d 447) (1976).

3. In his answer, appellant admitted having paid appellee $9,000 but nowhere admitted that such payment was made pursuant to any agreement with appellee. In his counterclaim to recover the $9,000 appellant alleged that such payment was made "[u]pon advise and direction of [appellee], during a time of severe emotional distress and trauma" and was made "in error, under duress, without legal compulsion, or without consideration . . . " Construing these allegations in the light most favorable to appellant (*Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260) (1968)), appellant's counterclaim stated a claim for relief. Code Ann. § 20-1007; *Fenwick Shipping Co. v. Clarke Brothers,* 133 Ga. 43 (65 SE 140) (1909). It was error to grant appellee's motion to dismiss appellant's counterclaim. *Dillingham v. Doctors Clinic, P.A.,* 236 Ga. 302 (223 SE2d 625) (1976); *Atlanta Associates v. Westminster Prop., Inc.,* 242 Ga. 462 (249 SE2d 252) (1978).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 22, 1980.

*William H. Lawson,* for appellant.
*James C. Howard, Jr., Patrick J. McKenna,* for appellee.