60357. BENTON BROTHERS FORD COMPANY, INC. v. COTTON STATES MUTUAL INSURANCE COMPANY.

POPE, Judge.

Appellant filed its complaint against appellee insurance company (hereinafter "Cotton States") seeking recovery under its insurance policy with Cotton States for damages caused by an automobile crashing into the interior of appellant's automobile dealership building. Following discovery, Cotton States filed a motion for summary judgment contending that the damages sought by appellant were excluded from coverage under the policy. Appellant brings this appeal from the grant of that motion and enumerates as error the trial court's consideration of certain documents filed by Cotton States on the day of the hearing and the existence of material issues of fact remaining in dispute. We reverse.

1. On the day of the hearing on its motion for summary judgment, Cotton States made a "filing for record" consisting of certain documentary evidence, writings and agreements which had been given to Cotton States by appellant in response to a motion to produce. Appellant objected to the trial court's consideration of this material on the motion for summary judgment because the material had not been "served at least 30 days before the time fixed for the hearing." CPA § 56 (c) (Code Ann. § 81A-156 (c)). Cotton States argued that this material was not an affidavit and that since this material was supplied in response to the notice to produce, appellant could not be "surprised" by it.

CPA § 56 (c) states that a summary judgment may be granted on the basis of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . ." Those forms of evidence, however, are not the exclusive means of presenting evidence on a motion for summary judgment. 10 Wright & Miller, Federal Practice and Procedure: Civil §§ 2721-2724. See *Jackson v. Couch Funeral Home,* 131 Ga. App. 695 (206 SE2d 718) (1974). The trial court may consider any material which would be admissible or usable at trial. 10 Wright & Miller, supra. See, e.g., *Area v. Cagle,* 148 Ga. App. 769 (2) (252 SE2d 655) (1979); *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (3) (166 SE2d 593) (1969). Therefore, assuming it was otherwise admissible, the material filed by Cotton States was of the type which could properly be considered by the trial court on a motion for summary judgment.

Nevertheless, since Cotton States elected to rely on this material in support of its motion but neither filed it 30 days prior to the hearing nor requested an enlargement of time within which to make such a filing (CPA § 6 (b), Code Ann. § 81A-106 (b)), the trial court erred in considering this material in support of the motion for summary judgment. Accord, *Jones v. Howard,* 153 Ga. App. 137 (1) (264 SE2d 587) (1980); *Wall v. C. & S. Bank,* 145 Ga. App. 76 (2) (243 SE2d 271) (1978). We view the purpose of the 30-day waiting period required by CPA § 56 (c) as placing the opposing party on notice as to the material relied upon by the movant in support of his motion so that he might have sufficient opportunity to prepare his response. *Vann v. Bice,* 127 Ga. App. 579 (194 SE2d 259) (1972). Although the material filed by Cotton States on the day of the hearing had been supplied by appellant, the trial court's consideration of that material denied appellant sufficient opportunity to prepare a response thereto as envisioned by the statute.

2. Furthermore, even assuming the material filed on the day of the hearing was properly before the trial court, the granting of Cotton States' motion for summary judgment was not authorized under the

circumstances in this case. The record discloses that the loss occurred on September 11, 1978 when an occasional employee of appellant sought to move a new 1979 Ford automobile and crashed into a steel post which supported part of the building; the employee was not authorized to drive this or any vehicle at appellant's place of business. Cotton States denied that the loss in question was covered under its policy and relied upon the language in the policy which provided that the insurer "shall not be liable as respects [loss resulting from actual physical contact of . . . a vehicle with the property covered hereunder] for loss . . . by any vehicle owned or operated by the insured or by any occupant of the described premises . . ."

In support of its motion for summary judgment, Cotton States showed that appellant's president had stated that the automobile involved in the crash was "owned" by the appellant and that appellant's secretary-treasurer stated that "he could see that the loss in question was not covered under [the] policy." The material filed on the day of the hearing included a document entitled "Ford Sales and Service Agreement" which stated: "Title to each COMPANY PRODUCT purchased by the Dealer shall (unless otherwise provided in the applicable VEHICLE or PARTS AND ACCESSORIES TERMS OF SALE BULLETIN) pass to the Dealer or to such financing institution or other party as may have been designated to the Company by the Dealer, upon delivery thereof to the carrier or to the Dealer, whichever occurs first . . ." As is pertinent, the material also contained an invoice for the automobile which was prepared on September 24, 1978 and an "Automotive Wholesale Plan" agreement between appellant and Ford Motor Company.

In response to the motion for summary judgment, appellant filed the affidavit of its president which stated that the vehicle involved in the crash was not "owned" by appellant but was a special "show day" vehicle for the new model year. Unlike other vehicles delivered to appellant by Ford, a "show day" vehicle could not, on the date of the crash, be sold, demonstrated, driven or displayed by appellant in any fashion; it could only be serviced and stored. Until "show day" such a vehicle was subject to the absolute control of the Ford Motor Company. He averred that his September 11 statement to the effect that appellant "owned" the vehicle involved in the crash was "clearly made in error." Appellant also filed the affidavit of its secretary-treasurer wherein he stated that "show day" for the 1979 models was October 6, 1978 — thirteen days after the crash occurred; that Ford "could, if it so desired, take the 'show day' vehicles back prior to October 6, 1978 or transfer them to another dealer;" and that Ford customarily marked "show day" vehicles as "Property of Ford Motor Company — Not to be Sold." He also denied ever making a

statement to the effect that the loss in this case was not covered under the terms of the policy.

"[A]lthough the general rule is that upon the trial of the case the testimony of a party litigant, where self-contradictory or ambivalent, must be construed against him, yet on motion for summary judgment made by a party upon whom the burden of proof does *not* lie on the trial of the case, all evidence must be construed against the movant and in favor of the party opposing the motion. [Cit.] It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the [appellant]. That part of his testimony most favorable to his position will be taken as true on motion for summary judgment made by the defendant insurer." *Browder v. Aetna Life Ins. Co.,* 126 Ga. App. 140, 141 (190 SE2d 110) (1972); *Roberson v. Home Ins. Co.,* 149 Ga. App. 590 (254 SE2d 908) (1979). Construing the evidence most favorably to appellant, Cotton States was not entitled to a summary judgment as there are genuine issues of material fact which remain to be resolved. *Cotton States Mut. Ins. Co. v. American Mut. Liab. Ins. Co.,* 140 Ga. App. 657 (3) (231 SE2d 553) (1976). Accordingly, the decision of the trial court must be reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 30, 1981 —
REHEARING DENIED FEBRUARY 11, 1981.

*James D. Hudson,* for appellant.
*E. Wycliffe Orr,* for appellee.