62766. SMITH v. DIXON FORD TRACTOR COMPANY, INC.

CARLEY, Judge.

On February 1, 1975, appellee-plaintiff, Dixon Ford Tractor Co., Inc., entered into a sales agreement with appellant-defendant, A. P. Smith, whereby appellant purchased six (6) portable crop drying units from appellee. The agreement provided for a total sales price of $46,421.00, with a cash down payment of $6,000.00 and the balance of $40,421.00 to be paid upon delivery and installation of the units. It appears that at the time of this sales agreement between appellant

and appellee, there was litigation pending between appellee and the State Revenue Commissioner wherein the issue to be decided was whether portable crop drying units of the kind purchased by appellant was exempt from the Georgia Sales and Use Tax. See *Chilivis v. Dixon,* 234 Ga. 703 (217 SE2d 283) (1975). Thus, the parties apparently agreed that appellant's obligation to pay to appellee any sales tax on the $46,421.00 would be held in abeyance until resolution by the Supreme Court of the aforesaid issue. In this connection the parties on March 21, 1975 entered into a written agreement which states, in pertinent part, as follows: "[Appellant] agrees to pay sales tax on crop drying units in the amount of 3% of selling price within 15 days of date billed . . . in the event the court rules that this tax must be paid on crop drying units."

In *Chilivis v. Dixon,* supra, the Supreme Court ruled that portable crop drying units are not exempt from the Georgia sales tax and in *Nimmer v. Strickland,* 242 Ga. 430 (249 SE2d 233) (1978) held appellee liable for the sales tax on such units sold during the pendency of *Chilivis v. Dixon,* supra. Thereafter, appellee initiated the instant suit against appellant seeking to recover the sum of $1,393.63 as sales tax pursuant to the written agreement between the parties entered into on March 21, 1975.

Appellant answered, denying the material allegations of the complaint. Furthermore, appellant asserted, as a defense and counterclaim, that the crop drying units were defective and improperly installed resulting in a substantial amount of damage to appellant. After discovery, appellee moved for summary judgment as to the counterclaim on the basis that appellant's claim was barred by the statute of limitations. After a hearing and consideration of the pleadings, affidavits, briefs, and other matters of record, the trial court entered an order awarding summary judgment in favor of appellee as to the counterclaim and directing that the counterclaim be dismissed and that those portions of appellant's answer alleging that the crop drying units were defective and improperly installed be stricken. From this order, appellant appeals.

Citing *Benton Bros. &c. Co. v. Cotton States &c. Co.,* 157 Ga. App. 448 (1) (278 SE2d 40) (1981) appellant urges that the trial court erred in considering appellee's supplemental affidavit which was filed after the hearing on the motion for summary judgment. The record shows that the hearing on the motion for summary judgment was held on March 30, 1981. After the hearing, the trial court took the motion under advisement and, apparently, directed the parties to submit briefs in support of their respective positions. On April 16, 1981, the trial court granted appellee permission, as evidenced by a document in the record, to file a supplemental affidavit in response to

the counter-affidavit of appellant which had been served upon appellee two days prior to the hearing on March 30, 1981. Attached as Exhibit "A page 2" of this supplemental affidavit was the reverse side of the February 1, 1975 sales contract which contained a provision purporting to limit appellee's liability for any defects in material and workmanship of the units to six months from the date of sale. The trial court's permission for appellee to file its supplemental affidavit was apparently granted ex parte, in the absence of a written motion, and without any finding by the trial court of excusable neglect. See *Jones v. Howard,* 153 Ga. App. 137 (1) (264 SE2d 587) (1980); *Wall v. C & S Bank,* 145 Ga. App. 76 (243 SE2d 271) (1978).

However, the record does disclose that appellant was served with a copy of appellee's supplemental affidavit on April 16, 1981 and it is apparent that appellant was cognizant of its existence as appellant specifically referred to this supplemental affidavit in his brief in opposition to the motion for summary judgment filed with the trial court on May 7, 1981. In the face of such knowledge by appellant the record is devoid of any objection to the filing or the trial court's consideration of appellee's supplemental affidavit. Appellee contends that appellant's failure to object constitutes a waiver of any right to which appellant might otherwise have been entitled. See *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76, 77 (1) (186 SE2d 452) (1971); *Supreme Oil Co. v. Brock,* 129 Ga. App. 863 (1) (201 SE2d 659) (1973).

Pretermitting the resolution of the issues of whether appellee's supplemental affidavit was properly before the trial court or whether appellant by his silent acquiescence waived his right to object, it is clear that summary judgment in favor of appellee as to appellant's counterclaim was proper without consideration of the matters contained in and exhibits attached to the supplemental affidavit. It is uncontroverted that appellant's counterclaim is based upon the February 1, 1975 contract for the sale of six (6) portable crop drying units for the price of $46,421.00. Such units were tangible, portable property at the time of identification in the contract for sale. Therefore, this contract was one for the sale of goods as defined in Code Ann. § 109A-2—105(1). See *Space Leasing v. Atlantic &c. Systems,* 144 Ga. App. 320 (3) (241 SE2d 438) (1977). Accordingly, the UCC statute of limitation applicable to sales, Code Ann. § 109A-2—725, applies to appellant's counterclaim rather than Code Ann. § 3-705, the statute of limitations for simple contracts in writing. Code Ann. § 109A-2—725 provides: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . . (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the

breach. A breach of warranty occurs when tender of delivery is made . . .”

Without consideration of appellee's supplemental affidavit, the record shows that the contract for sale was consummated upon delivery of the crop drying units on March 21, 1975. In his answers to interrogatories and responses to request for admission, appellant stated that all damages sustained as a result of the allegedly defective units occurred in 1975. Appellant's counterclaim was not filed until March, 1980. Since appellant failed to bring this action until 1980, more than four years after the alleged breach in 1975, it is barred by the applicable statute of limitations.

For the aforegoing reasons the trial court did not err in awarding summary judgment in favor of appellee on appellant's counterclaim and error, if any, by the trial court in considering appellee's supplemental affidavit was harmless. Code Ann. § 81A-161.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982.

*J. Laddie Boatright,* for appellant.
*Carroll Russell,* for appellee.