## 63554. McINTOSH v. McLENDON.

BANKE, Judge.

The plaintiff sued to recover on a promissory note allegedly assigned to him by a bank. In his answer, the defendant admitted that he had executed the note but raised as a defense the plaintiff's alleged breach of a home "rehabilitation" contract the parties had entered into as part of the same transaction which gave rise to the note. The trial court granted the plaintiff's motion for summary judgment. On appeal, the defendant contends that the court erred in allowing the plaintiff to file affidavits on the day of the hearing and further contends that even if the court did not err in considering these affidavits, the allegations contained therein were insufficient either to establish the plaintiff's right to sue on the note or to establish the amount of interest owing on the obligation. *Held:*

1. This court has held that Code Ann. §§ 81A-106 (d) and 81A-156 (e), considered together, require a summary judgment movant to serve his supporting affidavits at least 30 days before the time fixed for the hearing, or 30 days prior to the granting of summary judgment if no hearing is held; although the trial court has the discretion to permit later service upon the movant's request and a showing of excusable neglect. See *Wall v. C & S Bank of Houston County,* 145 Ga. App. 76 (243 SE2d 271) (1978). "Any such extension of time within which to file supporting affidavits should also ensure that the party opposing the motion will have 30 days within which to respond." *Jones v. Howard,* 153 Ga. App. 137, 140 (264 SE2d 587) (1980). The "value to be served" by these rules "is the opposite party's opportunity to respond and resist final judgment being rendered against himself on the merits . . ." *Wall v. C & S Bank of Houston County,* supra, at 77. Accord *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 356 (203 SE2d 277) (1973); *Peoples Fin. Corp. of Rome v. Jones,* 134 Ga. App. 649, 650 (215 SE2d 711) (1975).

Although the trial court in the case before us now allowed the plaintiff/movant to file his affidavits on the day of the hearing without showing excusable neglect, the defendant was instructed that a ruling on the motion would be deferred in order to give him an opportunity to file opposing affidavits, and the court did not issue its ruling until two months later, during which period the defendant made no response of any kind. Since the trial court thus insured that the defendant had a minimum of 30 days to meet and controvert the assertions on which the motion for summary judgment was based, we hold that the procedure fully vindicated the defendant's rights and establishes no cause for reversal.

2. Although the facts alleged by the defendant in his answer might support a counterclaim for breach of contract, they do not set forth a defense to the note, which constitutes by its terms an unconditional promise to pay the instrument according to its tenor. See generally Code Ann. § 109A-3—413 (1). The assignment of the note from the bank to the plaintiff was establishment by the bank's endorsement appearing on the face of the instrument. See generally Code Ann. § 109A-3—202. Although the note called for payment of interest at "3% above prime," thus making it impossible to determine from the instrument itself the amount of interest due, the trial court was authorized to award interest on the basis of a bank officer's affidavit filed by the plaintiff, setting forth the amount of interest which had accrued. This figure has never been disputed by the defendant, and the information upon which its calculation is based would appear to be within the personal knowledge of a bank officer.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1982 —
REHEARING DENIED APRIL 30, 1982.

*Thomas W. Talbot,* for appellant.
*Thomas C. Kendrick-Holmes,* for appellee.