68284. SUTTLE v. NORTHSIDE REALTY ASSOCIATES, INC.

QUILLIAN, Presiding Judge.

This is an appeal by Frank Suttle, the defendant, from the grant of summary judgment to plaintiff, Northside Realty Associates. Northside was the realty broker in a contract for the sale of land from Tommy Tolleson and Charles M. Tolleson to Suttle. The contract described the land to be conveyed as: "all that tract or parcel of land

lying and being in Land Lot 12 of the 17th District, ___ Section, Fulton County, Georgia, and being Lot *___, Block 1, Unit ___, Section ___, of the **___ Subdivision, being recorded with the Clerk of the Superior Court of Fulton County, Georgia, and being known by the present system of numbering in Fulton County, Georgia, as 4525 Club Drive, N.E., Atlanta, Georgia 30319 together with all such improvements as are located thereon. The full legal description of said property

*Lot 3 & part of Lot 2 ** Subdivision of property of W. Colquitt Carter

is the same as it is recorded with the Clerk of the Superior Court of the County in which the property is located and is made a part of this agreement by reference, together with all electrical, mechanical, plumbing, air-conditioning, and any other systems or fixtures as are attached thereto and all plants, trees, and shrubbery now on the premises.

Plat Book 33, page 59, Fulton County, Office of Clerk of Superior Court."

The contract was signed on September 15, 1981, by Suttle and both Tollesons. The contract also provided for a commission of 7% — $9,415, and for payment of the full commission by the purchaser if he failed or refused to perform any of the covenants of the contract. The contract was not consummated and Northside brought this action against Suttle alleging he failed to purchase the property and refused to pay their commission. Suttle brings this appeal from the grant of summary judgment to Northside. *Held*:

1. Suttle contends the "contract is too vague and indefinite to be enforceable . . ." We cannot agree. "A contract for the sale of land to be valid, binding, and enforceable must describe the land to be sold with the same degree of certainty as that required of a deed conveying realty. [Cits.] The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable [cits.]; but when its descriptive averments are so indefinite and uncertain that no particular tract or quantity of land is described thereby or pointed out with certainty by the instrument itself, the description must be held defective and therefore insufficient to pass title. [Cits.] 'A deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments are certain, or if they afford a key by which the land can be definitely located by the aid of extrinsic evidence.'" *Smith v.*

*Wilkinson*, 208 Ga. 489, 493-494 (67 SE2d 698).

The parcel to be conveyed here was described as "4525 Club Drive, N.E., Atlanta, Georgia 30319." It was located in "Fulton County, Georgia." It was further identified as being in Block 1 of Land Lot 12 of the 17th District. It was also designated as being Lot 3 and part of Lot 2 of the Subdivision of property of W. Colquitt Carter which was registered in Plat Book 33, Page 59, in the Office of the Clerk of Superior Court of Fulton County. The fact that it was all of Lot 3 and part of Lot 2 does not destroy certainty of the amount of land to be conveyed. See *Smith v. Wilkinson*, 208 Ga. 489, supra; and *Plantation Land Co. v. Bradshaw*, 232 Ga. 435 (207 SE2d 49). The contract insured certainty when it referred to "4525 Club Drive, N.E. Atlanta, Georgia" and incorporated by reference "[t]he full legal description of said property . . . as it is recorded with the Clerk of the Superior Court of the County in which the property is located . . ." Northside introduced the plat of the property of W. Colquitt Carter which showed it was recorded in Plat Book 33 at page 59 of Fulton County Records. Northside also introduced four deeds conveying "property known as 4525 Club Drive, N.E., according to the present system of numbering houses in the City of Atlanta," which also described it as "lying and being in Land Lot 12 of the 17th District of Fulton County, Georgia, being Lot 3 and part of Lot 2 of Block 1 of the Subdivision of property of W. Colquitt Carter . . . recorded in Plat Book 33, Page 59" of the Clerk of the Fulton Superior Court. The deeds gave the beginning corner at an iron pin on Club Drive and complete metes and bounds for all sides and location of corners. Even if the contract description of the land to be conveyed was not sufficient, it provided a key — which was incorporated by reference, to satisfy the requisites of a valid description of the property. *Ga. Loan & Trust Co. v. Dyer*, 233 Ga. 957 (213 SE2d 864).

2. Both parties' statements of facts agree that the trial court held a hearing on the plaintiff's Motion for Summary Judgment on November 4, 1983. On the day of the hearing, Northside filed and served in support of its Motion, four deeds containing the particularized description of the property to be conveyed under the contract of sale. Defendant argues that this evidence was filed late and should not be considered. The record does not indicate an objection was made to the evidence at any time prior to the trial court's decision — 24 days after the date of filing.

In determining whether affidavits in support of, or opposing, a motion for summary judgment are properly filed, OCGA § 9-11-6 (formerly Code Ann. § 81A-106) and 9-11-56 (formerly Code Ann. § 81A-156), must be read in pari materia. OCGA § 9-11-6 (c) requires affidavits in support of a motion to be served with the motion. Opposing affidavits may be served not later than one day before the hearing,

unless the court permits them to be served at a later time. OCGA § 9-11-56 (c) states that the motion must be served at least 30 days prior to the date of the hearing and that opposing affidavits may be served prior to the day of the hearing. However, OCGA § 9-11-6 (b), gives the trial court wide discretionary authority to enlarge the time within which an act may be done. *Wall v. C & S Bank &c.*, 145 Ga. App. 76, 79 (243 SE2d 271). Thus, this Court has interpreted these Code sections as not being absolute, but trial judges may exercise their discretion to permit late filing of affidavits in support of motions for summary judgment. *Bailey v. Dunn*, 158 Ga. App. 347, 348 (280 SE2d 388). And, that affidavits opposing motions for summary judgment may be filed on the day of the hearing when the other party is served the day prior to the hearing. *Martin v. Newman*, 162 Ga. App. 725 (2) (293 SE2d 18). It is apparent that there is a critical distinction between affidavits filed in support of motions and affidavits filed in opposition to motions, and affidavits served on one day and filed on another day. Another distinction, not always noted, is whether the opposing party objects to the late filing of an affidavit.

Our cases dealing with these issues are divided into three categories: (a) those in which an objection is made to the late filing (b) those cases where the opinion does not consider whether or not an objection was made, and (c) those cases in which no objection is made to the late filing.

(a). Those cases in which an objection was made to the late filing of an affidavit in support of a motion for summary judgment is typified by *Wall v. C & S Bank &c.*, 145 Ga. App. 76, 79-80 (2), supra, in which we held " 'there was no request for enlargement of time within which to file and serve the affidavits . . . nor was there a finding of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. Therefore, the movant has failed to proceed in a manner that would permit the trial court to exercise its discretion under Rule 6 (b) [OCGA § 9-11-6 (b)].' " And, since the burden is on the movant, not the opposing party, to invoke the trial court's discretionary ruling with regard to a late filing (*Jones v. Howard*, 153 Ga. App. 137, 141 (264 SE2d 587)), a failure to invoke the court's discretionary ruling is fatal to admission and consideration of the document. *Wall v. C & S Bank &c.*, 145 Ga. App. 76 (2), supra; *Jones v. Howard*, 153 Ga. App. 137 (1), supra; *Benton Bros. Ford Co. v. Cotton States &c. Ins. Co.*, 157 Ga. App. 448 (1) (278 SE2d 40); *Porter Coatings v. Stein Steel &c Co.*, 247 Ga. 631, 632 (278 SE2d 377).

(b). Those cases in which no reference is made to whether or not an objection was voiced to the late filing of affidavits generally follow the same rule as those in which an objection was made. See *Fairington, Inc. v. Yeargin Constr. Co.*, 144 Ga. App. 491 (1) (241 SE2d

608); *Gross v. Pyrofax Gas Corp.*, 151 Ga. App. 130 (259 SE2d 137); *Bailey v. Dunn*, 158 Ga. App. 347, 348, supra; *C & S Nat. Bank v. Dorsey*, 159 Ga. App. 784 (1) (285 SE2d 242); *Martin v. Newman*, 162 Ga. App. 725 (2), supra.

(c). This court has consistently reached a finding of waiver where no objection was made to the late filing of an affidavit — whether the affidavit was in support of, or in opposition to, a motion for summary judgment. *Clayton McLendon, Inc. v. McCarthy*, 125 Ga. App. 76 (1) (186 SE2d 452); *Supreme Oil Co. v. Brock*, 129 Ga. App. 863 (1) (201 SE2d 659); *Liberty Nat. Life Ins. Co. v. Houk*, 157 Ga. App. 540 (1) (278 SE2d 120), affd. 248 Ga. 111 (281 SE2d 583); *Mahaffey v. First Nat. Bank &c.*, 157 Ga. App. 844 (2) (278 SE2d 729); *Leagan v. Levine*, 158 Ga. App. 293 (1) (279 SE2d 741); *Southeastern Hose, Inc. v. Prudential Ins. Co.*, 167 Ga. App. 356 (3) (306 SE2d 308). "In this state, from the earliest times, failure to raise a given point of evidence law at the trial has been held to waive it." Green, Ga. Law of Evid. 32, § 12; accord *Meeks v. Meeks*, 209 Ga. 588 (1) (74 SE2d 861); *Shannon v. Kaylor*, 133 Ga. App. 514, 515 (211 SE2d 368); *Capitol City Roofing v. Wentz*, 165 Ga. App. 699 (4) (300 SE2d 322). "Even an otherwise valid objection is waived unless timely made at trial." *Holder v. J. F. Kearley, Inc.*, 153 Ga. App. 843 (1) (267 SE2d 266). In the absence of objection, the trial court was authorized to consider the late filed affidavits.

3. On appeal, defendant raises for the first time, an allegation that the sellers did not possess fee simple title to the property at the time they entered into the contract of sale for the realty and could not have conveyed a good and marketable title. From the deeds which plaintiff introduced it is clear that title to this property had passed into Mrs. Margaret M. Tolleson in 1964 and that the sellers of this property, Tommy and Charles M. Tolleson, were the executors of her estate. The date of her death was never shown because it was never in issue. From the deeds it is shown that Tommy and Charles Tolleson subsequently passed title to themselves as executors and then sold the land to a third party in 1982.

The contract of sale listed Suttle as the purchaser and the Tollesons as the sellers. The sellers warranted they presently had title to the property and would convey a good and marketable title by warranty deed. The purchaser (Suttle) was required, by the contract, to examine the title and to furnish the seller, in writing, with any objection to the marketability of the title. The record shows no such objection was filed. Neither has the defendant shown by the record that the sellers did not have title as they warranted. Under Code Ann. § 113-901 (now OCGA § 53-4-8) "[u]pon the death of the owner of any estate in realty, which estate survives him, the title shall vest immediately in his heirs at law, subject to be administered by the legal repre-

sentative . . ." The executors' indenture shows that the Tollesons were the executors of the estate of Mrs. Margaret Tolleson and passed the title to themselves and subsequently to a third party. No valid reason appears why they could not have done this same with Suttle at the time stated in the contract for this sale of the land. This issue not being raised at trial (*Douglas v. McNabb Realty Co.*, 78 Ga. App. 845 (1) (52 SE2d 550)) and no objection being filed by the purchaser to the title as he was required to do under the contract (see *Real Estate World v. Southeastern Land Fund*, 137 Ga. App. 771 (1) (224 SE2d 747), revd. in part on other grounds 237 Ga. 227 (227 SE2d 340)), we find no merit to this enumeration.

4. The trial court erred in failing to reduce the amount of judgment entered in favor of Northside by the sum of one-half of the earnest money paid to Northside in accordance with the contract of sale. The full commission to which Northside was entitled was $9,415 (7% of the contract sale price — $134,500). They received judgment for $9,415. However, the contract provided "Purchaser agrees that if Purchaser fails or refuses to perform any of Purchaser's covenants herein, Purchaser shall forthwith pay Broker the full commission; provided that the Broker may first apply one-half of the earnest money [$2,500] toward payment of, but not to exceed, the full commission . . ."

The judgment will be affirmed on the condition that the amount of $1,250 (½ of the earnest money) be written off; otherwise judgment reversed.

*Judgment affirmed on condition. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*E. Lewis Hansen, Henry D. Fellows, Jr.*, for appellant.
*Harold L. Russell, Frederick G. Boynton, Joyce B. Klemmer, Sandra Kaye*, for appellee.